No. 38,806

THE STATE OF KANSAS, ex rel. DORAL HAWKS, County Attorney of Shawnee County, Kansas, *Plaintiff*, v. THE CITY OF TOPEKA, KANSAS, a municipal corporation; W. KENNETH WILKE, as Mayor of the City of Topeka, Kansas; HARRY SNYDER, as Commissioner of Parks of the City of Topeka, Kansas; C. MADISON WILLIAMS, as Commissioner of Streets of the City of Topeka, Kansas; LLOYD B. SMITH, as Commissioner of Water of the City of Topeka, Kansas; J. GLEN DAVIS, as Commissioner of Finance of the City of Topeka, Kansas; WASHBURN RURAL HIGH SCHOOL DISTRICT No. 3, SHAWNEE COUNTY, KANSAS; SCHOOL DISTRICT No. 97, SHAWNEE COUNTY, KANSAS; THE BOARD OF EDUCATION OF THE CITY OF TOPEKA, KANSAS, *Defendants*.

(246 P. 2d 250)

Opinion filed July 3, 1952.

*David Prager*, of Topeka, argued the cause, and *Doral Hawks*, county attorney, was on the briefs for the plaintiff.

*Lloyd L. Hall*, city attorney, argued the cause, and *Harold E. Jones, Frederic J. Carman* and *Marvin E. Larson*, assistant city attorneys, were with him on the briefs for defendant City of Topeka.

*David Prager*, of Topeka, was on the briefs for defendant Washburn Rural High School District No. 3.

*Peter F. Caldwell*, of Topeka, was on the briefs for defendant Board of Education of the City of Topeka.

The opinion of the court was delivered by

WERTZ, J.: This is an original proceeding in quo warranto brought in the name of the state of Kansas on relation of the county attorney of Shawnee county against the City of Topeka, a municipal corporation, and the mayor and city commissioners of the city, Washburn Rural High School District No. 3 of Shawnee County, School District No. 97 of Shawnee County, and the Board of Education of the City of Topeka, Kansas, to question the validity of Ordinance No. 8243 of the defendant city, which ordinance purports to

annex a single tract of land consisting of approximately 562 acres to the city under proceedings set forth in G. S. 1949, ch. 13, art. 16.

Pleadings were joined between the parties. These pleadings will not be set forth for the reason that the matter contained therein has been submitted to this court on a stipulation of facts which includes a map conceded by the parties to be substantially correct, showing the property sought to be annexed and including Ordinance No. 8243 and the proceedings pertaining to notice and the introduction and passage of said ordinance.

Plaintiff asserts a number of grounds of invalidity of the ordinance. For reasons hereinafter related, we need only refer to the first ground relied on by plaintiff, *i. e.*, that the notice required to be given under G. S. 1949, 13-1602 to the county clerk and county superintendent was not complied with prior to the passage of the ordinance. Therefore we will only set forth such portions of the stipulation of facts as are pertinent to that question. They are as follows:

"8. Defendant, The City of Topeka, Kansas, is a city of the first class and has adopted and is subject to the provisions of G. S. 1949, Chapter 13, Article 15, *et seq.*, including G. S. 1949, 13-1601, 13-1602, and G. S. 1949, 13-2904.

"9. The defendant, Washburn Rural High School District No. 3, Shawnee County, Kansas, is a municipal corporation organized and existing under the laws of Kansas, whose principal place of business and territorial limits are located entirely in Shawnee County, Kansas, and adjoining the City of Topeka, Kansas.

"10. The defendant School District No. 97 of Shawnee County, Kansas is a municipal corporation organized and existing under the laws of Kansas, whose principal place of business and territorial limits are located entirely in Shawnee County, Kansas and adjoining the City of Topeka, Kansas.

"11. The defendant, The Board of Education of the City of Topeka is a municipal corporation whose principal place of business and territorial limits are entirely within the County of Shawnee, and include all of the territory within the limits of the City of Topeka.

"12. The defendant Washburn Rural High School District No. 3, Shawnee County, Kansas is a defendant in this proceeding because it has or may claim to have an interest in the subject matter of this action by reason of the fact that it adjoins the city and that the ordinance hereinafter referred to purports to annex to the City of Topeka, Kansas a part of its territory. The Board of Education of the City of Topeka is made a party because the boundaries of the city school district are affected by the annexation ordinance involved.

"13. On March 18, 1952, a proposed Ordinance No. 8243, of the City of Topeka, Kansas, was introduced for first reading before the City Commission of the City of Topeka, Kansas, at a regular meeting of said Commission, a full, true and correct copy of the minutes of said meeting insofar as they related to said proposed ordinance is attached to plaintiff's petition marked Exhibit A.

"14. On Saturday the 22nd day of March, 1952, the individual members of the City Commission met informally with a delegation of citizens who lived in the territory proposed to be annexed by the City, which delegation requested that the City Commission annex their lands to the City of Topeka on that date. Thereafter a special meeting of the Board of Commissioners was called in accordance with law for 2:00 p. m. on that date in the commission chambers, at which time and place Ordinance No. 8243 was passed. A full, true and correct copy of the minutes of said meeting of the Board of City Commissioners at 2:00 p. m. on Saturday, March 22, 1952, is attached to plaintiff's petition marked Exhibit B.

"15. On Monday, March 24, 1952, said ordinance No. 8243 was published in the Topeka Daily Capital. A full, true and correct copy of said ordinance as published is attached to plaintiff's petition marked Exhibit C.

"16. It is stipulated and agreed that records of the County Clerk of Shawnee County, Kansas, and of the County Superintendent of Public Instruction of Shawnee County, Kansas, both contain a letter dated March 8, 1952, and signed by the City Attorney of the City of Topeka, Kansas, which letter states:

"Attached hereto is an official notice of the boundaries of lands proposed to be annexed by the city of Topeka in the near future as required by G. S. 1949, 13-1602.'

"It is further stipulated and agreed that attached to those letters were metes and bounds descriptions of the tracts of lands proposed to be annexed by the governing body of the city of Topeka. The County Clerk's stamp thereon indicates that the letter was received in his office on March 12, 1952. The records of the County Superintendent of Public Instruction indicate that the letter was received in his office on March 10, 1952. It is further stipulated that no other written notice was received by the County Clerk or by the County Superintendent of Public Instruction."

The statute (G. S. 1949, 13-1602) insofar as applicable reads:

". . . whenever any unplatted piece of land lies within (or mainly within) any city . . . said lands . . . unplatted, may be added to, taken into and made a part of such city by ordinance duly passed. Said ordinance shall describe . . . by giving the metes and bounds of the unplatted lands, with the section, township, range and county in which the same are located. . . . Provided further, That before the governing [body] of any such city shall approve such ordinance the city clerk shall notify the county clerk and the county superintendent in writing at least ten days before approval of said ordinance of the property proposed to be taken into such city, describing said property accurately by metes and bounds. . . ."

The question arising under the quoted portion of the stipulation of facts is whether the notice therein set forth complies with the statutory requirement. Attention is invited to the sequence of events resulting in the enactment of Ordinance No. 8243. Risking repetition it should be noted that the only attempted notice given under the statute in question was one by the city attorney dated March 8, 1952, in the following language:

"Attached hereto is an official notice of the boundaries of lands *proposed to be annexed* by the city of Topeka *in the near future* as required by G. S. 1949, 13-1602." (Emphasis supplied.)

This notice was stamped as received in the office of the county superintendent on March 10, 1952, and stamped as received in the office of the county clerk on March 12, 1952. The proposed ordinance was introduced by title only for first reading on March 18, 1952, and the ordinance was passed at a special meeting of the city commission held on March 22, 1952. From the stipulation of facts set forth, there can be no question that ordinance No. 8243 as finally passed on March 22 was not in existence on March 8 at the time the pretended notice was given by the city attorney to the appropriate governmental bodies and in fact was not in existence until March 18 when introduced for first reading just four days prior to its enactment.

It may be noted here that the city of Topeka, being a municipal corporation, is a creature of the legislature and as such has no inherent power or authority to annex territory except such authority as is expressly granted by the state. (*Kansas Power & Light Co. v. City of Great Bend,* 172 Kan. 126, 238 P. 2d 544). The legislature in the exercise of its power granted to the city of Topeka operating under the commission form of government, G. S. 1949, 13-1501 *et seq.,* the right to annex territory by ordinance in the manner and mode therein prescribed. An examination of section 13-1602 reveals that the legislature definitely contemplated that at the time the mentioned notice should be given by the city clerk to the county clerk and county superintendent, there should be in existence and on file with the city a proposed ordinance, and that said proposed ordinance should describe the property by metes and bounds. The proviso mentioned in said section states definitely that before the governing body of the city shall approve *such* ordinance, the city clerk shall notify the county clerk and county superintendent in writing at least ten days before approval of *said* ordinance of the property proposed to be taken into such city. The legislative mandate necessitating that an ordinance be in existence at the time of the notice contemplated under the statute is so clear and explicit that the legislative intent cannot be circumvented by any other procedure.

One of the many reasons why the ordinance should be in existence and on file with the city at the time of the mentioned notice is to

impart information and to afford all persons and governmental bodies affected thereby an opportunity to examine the ordinance and its contents for the purpose of taking such action as they may deem advisable. (*State, ex rel., v. City of Kansas City,* 169 Kan. 702, 720, 222 P. 2d 714.) The attempted notice in this case merely stated that sometime in the near future the city proposed to annex certain territory. When and under what circumstances is not stated. The notice served in the instant case was premature and failed to meet the requirements contemplated by the legislature, and amounted to no notice whatsoever. We are of the opinion that under the wording of the statute above referred to, the legislature contemplated that in annexing territory to a city under G. S. 1949, 13-1602, it is a necessary prerequisite to such annexation that the proposed ordinance of annexation be in existence and on file with the city at the time the contemplated notice is given in compliance with such statute.

In view of our holding and what has been said, other questions argued by the parties to this action need not be determined.

Failure of the city to comply with requirements of the legislative enactment which gave it the power and authority to annex territory nullifies the attempted annexation ordinance. It therefore follows that city ordinance No. 8243 is inoperative, void and of no effect.

The writ is allowed and judgment is rendered in favor of the plaintiff for costs.