Nos. 43,795 and 43,796 (Consolidated)

No. 43,795

Hudson Oil Company of Missouri, Inc.; Mary Vandegrift; and F. B. Vandegrift, *Appellees and Cross-Appellants*, v. The City of Wichita, Kansas, a Municipal Corporation; Board of City Commissioners of City of Wichita, Kansas; Carl A. Bell, Mayor and City Commissioners of the City of Wichita, Kansas; Herbert P. Lindsley, Levi B. Rymph, Gerald F. Byrd and Justus H. Fugate, City Commissioners of the City of Wichita; and C. H. Funk, City Clerk of the City of Wichita, *Appellants and Cross-Appellees*; and Safeway Stores, Inc., a Maryland Corporation, *Appellee*.

No. 43,796

Hudson Oil Company of Missouri, Inc.; Mary Vandegrift; and F. B. Vandegrift, *Appellees and Cross-Appellants*, v. City of Wichita, Kansas, a Municipal Corporation; Wichita-Sedgwick County Metropolitan Area Planning Commission; Edwin B. Law, Chairman; Charles W. Harris, Charles Anderson, Harry B. Dugan, John Trout, Jr., Merritt Winsby, Erle Jennings and Joseph Meehan, Members of the Wichita-Sedgwick County Metropolitan Area Planning Commission, City of Wichita, Kansas; Board of City Commissioners of Wichita, Kansas; Carl A. Bell, Jr., Mayor and City Commissioners of the City of Wichita, Kansas; Herbert P. Lindsley, Levi B. Rymph, Gerald F. Byrd and Justus H. Fugate, City Commissioners of the City of Wichita, Kansas; and C. H. Funk, City Clerk of the City of Wichita, Kansas; *Appellants and Cross-Appellees*, and Safeway Stores, Inc., a Maryland Corporation, *Appellee*.

(396 P. 2d 271)

Opinion filed November 7, 1964.

*Edward F. Arn*, of Wichita, argued the cause, and *Fred W. Aley, John Dekker, Richard F. Mullins, Milo M. Unruh, H. R. Kuhn*, and *Louis W. Cates*, all of Wichita, were with him on the briefs for the appellants.

*Wayne Coulson,* of Wichita, argued the cause and *Paul R. Kitch, Dale M. Stucky, Donald R. Newkirk, Gerrit H. Wormhoudt, Philip Kassebaum, John E. Rees, Robert T. Cornwell, Willard B. Thompson,* and *David W. Buxton,* all of Wichita, were with him on the briefs for the appellees and *Hugo T. Wedell* and *Homer V. Gooing,* both of Wichita, of Counsel.

The opinion of the court was delivered by

HATCHER, C.: This appeal stems from two consolidated actions. One was a mandamus action to compel the Board of City Commissioners of the City of Wichita, Kansas to approve a plat of plaintiffs' tract of land in the city. The other was a mandamus action to compel the Board of City Commissioners of the City of Wichita and the Wichita-Sedgwick County Metropolitan Area Planning Commission to rezone plaintiffs' tract.

The facts are not in dispute.

Plaintiffs own property in the City of Wichita with a frontage of 570 feet abutting the south side of Kellogg Street, an east-west federal highway. The tract is located two blocks east of Edgemoor. The properties on the south side of Kellogg Street on either side of appellees' tract are improved for commercial use. The entire immediate area abutting the south side of Kellogg Street has been zoned as "LC" (light commercial use) excepting appellees' tract and an adjoining commercially-used tract which automatically received "A" zoning classifications (residential use) when the city annexed the area. Plaintiff, Hudson Oil Company, was operating a service station on a portion of the involved tract when it was annexed by the city in 1949, and it continues to do so as an authorized non-conforming use.

For many years there existed in the City of Wichita, Kansas, a City Planning Commission duly created under G. S. 1949, 12-701, *et seq.,* and 13-1108, *et seq.* In 1957, there was created in Wichita and Sedgwick County the "Wichita-Sedgwick County Metropolitan Area Planning Commission" pursuant to G. S. 1961 Supp., 12-716, *et seq.*

In 1958, plaintiffs filed an application with defendant, Wichita-Sedgwick County Metropolitan Area Planning Commission, to have the zoning for their tract changed from "A" to "LC" so as to conform the zoning classification with the existing and contemplated uses and in keeping with the zoning classification of surrounding properties in the area. The Planning Commission approved the zoning application but the City Commission refused to entertain it

unless the appellees also filed a plat of the property for approval by the Planning Commission.

In order to obtain consideration of their zoning application, plaintiffs filed a plat of their land and submitted it to the Planning Commission. After study by various sub-divisions of the Planning Commission and consideration by the Planning Commission, the plat was revised and was approved and forwarded to the City Commission for approval on November 2, 1960.

The plat approved by the Planning Commission included dedicated areas for the continuation of streets running from the south across appellees' tract up to Kellogg, which dedicated areas would provide appellees with additional street frontage and street access. The plat so approved did not contain any dedication of land parallel to and abutting the existing Kellogg right of way to which plaintiffs enjoyed full access along their Kellogg frontage.

The City Commission, upon motion to approve the plat as approved by the Planning Commission, adopted a substitute motion on December 20, 1960, "to the effect that as a statement of policy the City Commission is in favor of a service or access road on Kellogg from Edgemoor east to Rock Road . . .," and that the plat should be referred back to the Planning Commission for re-examination in the light of that policy. On January 5, 1961, the Planning Commission re-examined plaintiffs' plat in the light of the policy announced by the City Commission and voted to resubmit the same final plat back to the City Commission without recommendation. At the same time, the Planning Commission voted to withhold further action upon plaintiffs' zoning application until the final plat was approved by the City Commission.

After the issues were formed the parties stipulated as follows:

"Before the City governing body would approve and accept the landowners' final subdivision Plat and before it would grant landowners' application for a zoning change from 'A' to 'LC', the City required that the landowners must dedicate and must show such dedication on their final Plat of a 10-foot strip of land along the North edge of the proposed subdivision for an East-West service or access road along the South side of Kellogg Avenue. The landowners' refusal to meet this condition or requirement by the City was the sole and only reason for the City, by action taken in formal meetings on December 20, 1960 and January 10, 1961, refusing to accept and approve the final Plat of Hudson Addition, and refusing to grant the application for the zoning change.

"The governing body of the City of Wichita continues to refuse to approve said plat on the sole ground that the landowners have not consented to a dedication of the North 10 feet of the landowners' property abutting Kellogg

Street for use as a service or access street, a frontage road or controlled access facility.

"The aforesaid public bodies continue to refuse to grant the landowners' pending zoning application for the said property until such time as the aforesaid plat is approved or until the landowners make the aforesaid dedication.

"The sole issues for determination by the Court are:

"(*a*) Whether the governing body of the City of Wichita unlawfully or unreasonably refuses to approve the said plat on the ground above stated; and

"(*b*) Whether the aforesaid public bodies unlawfully or unreasonably refuse to approve the landowners' zoning application on the ground above stated."

After the evidence was introduced the trial court made findings of fact and concluded:

"The right of access to and from an existing public street or highway is one of the incidents of ownership of the land abutting thereon. It is a property right which may not be taken from the owner by the public without his consent, except upon payment of full compensation and by due process of law.

"The action of the defendants in refusing to approve the plaintiffs' plat, and refusing to grant their zoning application because the plat had not been filed and approved was unlawful, arbitrary and unreasonable for the following reasons:

"(*a*) Such actions were not based upon any specific or definite ordinances, rules or regulations of law adopted pursuant to required notice and public hearings.

"(*b*) Such actions were taken pursuant to a policy of establishing service roads only to the extent that right of way for same could be obtained from the owners without cost, as a condition precedent to approval of a plat of unplatted land, which in essence amounts to a policy of acquiring right of way from owners of unplatted land without cost as a payment of sorts for the approval of plats, and arbitrarily refusing any zoning change application for the sole reason that plats containing said dedications of right of way for service roads were not filed and approved.

"(*c*) The legislature has prescribed the exclusive methods for acquisition of control of abutting owners' rights along existing streets and highways; and the legislative and constitutional mandates in this regard, and the judicial interpretations of same, exclude the appropriation of such rights under the guise of the exercise of police power which is the sole consideration urged by the defendants in justification of their policy and actions."

An order was issued directing the approval of the plat and zoning application. The defendants have appealed.

Before discussing appellants' contentions, which largely challenge the legality of the trial court's conclusions, we must express some confusion as to the extent of the required dedication. The appellees assume and the trial court's conclusions are based on the presumption that the appellants are demanding as a prerequisite to the

approval of the plat and the zoning application that the appellees dedicate to the city their access rights to and from Kellogg Street. If this were the situation we would have no hesitancy in agreeing with the trial court that the demand was unreasonable.

We find nothing in the record, however, that indicates that the appellants are demanding anything as a prerequisite to the approval of the plat and the zoning application other than the dedication of a ten foot strip abutting Kellogg Street to be added to the existing right of way for use as a service or frontage street. Even though the ten foot strip and part of the existing right of way may later be used for an access road, no access rights are presently being demanded or affected.

The first question presented for consideration is whether the municipal authorities may deny a zoning application on the sole ground that the land has not been platted when no rule or regulation requires platting as a condition precedent to zoning approval?

The question assumes that there was no rule or regulation requiring platting as a condition precedent to zoning approval. There was no such rule or regulation at the time the application was made.

It would appear that the entire area was zoned for residential use when it was taken into the city. All of the area has been platted and rezoned on special application except appellees' tract and a small adjoining tract. The area was originally zoned pursuant to statutory authority. (G. S. 1949, 12-707, *et seq.*)

The appellees made their application for rezoning under that provision of G. S. 1949, 12-708 which states:

". . . After such final report is submitted to the governing body, and final adoption of regulations by the governing body, the governing body may from time to time amend, supplement or change the boundaries or regulations contained in such final report: . . ."

The statute places no restrictions on the governing body in granting applications for special exceptions to existing zoning ordinances other than the procedure to be followed. (*Ford v. City of Hutchinson*, 140 Kan. 307, 37 P. 2d 39.) There are no statutory restrictions as to what requirements the governing body may place on an applicant desiring a change in the zoning area for a small tract.

Certainly the governing body cannot be expected to anticipate all the requests that will be made for zoning changes and have rules and regulations available covering all conditions precedent to approval of the application.

Any conditions precedent to the granting of the application must be reasonable and nondiscriminatory. (G. S. 1949, 12-712; *City of Wichita v. Schwertner*, 130 Kan. 397, 286 Pac. 266; *West v. City of Wichita*, 118 Kan. 265, 234 Pac. 978.) It cannot be said that platting as a prerequisite to rezoning of a small tract being in a highly congested area all of which has been platted and rezoned is unreasonable or discriminatory. This is particularly true where it has been recorded as a general policy by the governing body to consider changes in zoning only after final plats of the area in question have been approved, even though the recorded policy does not have the dignity of a rule or regulation.

It should also be noted that the Kansas statutes (G. S. 1949, 12-701, *et seq.*, and 13-1108, *et seq.*) anticipate a close relationship between planning, zoning and platting. Although planning is the broad purpose to be accomplished, planning cannot be accomplished without both platting and zoning.

The appellants ask the question:

"Was it a reasonable exercise of the regulatory power of the City of Wichita for said city to refuse to consider the Hudson Subdivision Plat and the Hudson application for zoning change unless and until the Hudsons had first dedicated to the city and shown upon their subdivision plat the dedication of a 10-foot strip along the north side of their property for a service or frontage street?"

The trial court found that the refusal was unreasonable because:

"No *specific* or determinable ordinance rule or regulation has ever been adopted by the defendant Planning Commission which requires plat approval as a condition precedent to the granting of a zoning application acceptable and proper in all other respects."

There was no dispute of fact on the question. The limits of a judicial opinion will not permit a reproduction of the "master plan" adopted by the city and the "subdivision rules and regulations" required by statute (G. S. 1961 Supp., 13-1109) which designated East Kellogg as a major street and expressed the policy which was to construct service or frontage streets on East Kellogg east of Edgemoor. One of the rules provided:

"The arrangement of streets in new Subdivisions shall make provision for the continuation of the principle existing streets in adjoining areas (or their proper protection where adjoining land is not subdivided) insofar as they may be deemed necessary by the Commission for public requirements. . . . Streets dedicated in a plat should be made to align on section lines if at all possible."

It is true that the master plan made no specific reference to the appellees' property or to frontage or access roads immediately in front of the described property of appellees. But the "master plan" was adopted and approved after hearings upon it and it refers to access or frontage streets along "major streets." After public hearing, consideration and formal action, a further study was adopted and approved as an amendment to the master plan and this study designated East Kellogg as a "major street." This master plan is not a detailed specific plan as to appellees' property, but it is an over-all plan for the present and the future, such as is anticipated by G. S. 1961 Supp., 13-1109. It is likewise true that the "subdivision rules and regulations" were adopted by the City Planning Commission on July 17, 1958, and approved by the City Commission on July 29, 1958, after hearings thereon.

G. S. 1949, 12-705 clearly anticipates the dedication of streets and alleys for public use.

Many other property owners had made similar dedications for frontage streets on East Kellogg. Seventy-seven per cent of the right of way for frontage streets had been obtained and the forty per cent of the frontage streets east of Edgemoor was already paved.

It cannot be said that the dedication of such land as is necessary to maintain uniformity in streets, service and access streets is an unreasonable prerequisite to the approval of a plat in a congested area.

We are forced to conclude that the governing body of the City of Wichita did not act arbitrarily or unreasonably in requiring the platting of the appellees' tract before granting the application for a change of zoning and that the dedication of a ten foot strip to be added to the existing right of way where necessary to maintain uniformity in a service or frontage street as a prerequisite to approval of the plat was not arbitrary or unreasonable.

What has been said renders unnecessary the discussion of appellees' right to attorney fees as presented in their cross-appeal.

We further conclude that the appellees' right of access to and from Kellogg Street was not before the trial court for consideration. If and when the City of Wichita attempts to take appellees access rights, the question of damages, if any, will be a matter for consideration.

The judgment is reversed.

APPROVED BY THE COURT.