No. 47,218

FRANK C. SABATINI; STATE OF KANSAS, *ex rel.*, GENE OLANDER, District Attorney; and LAKE SHORE COUNTRY CLUB, INC., *Appellants,* v. JAYHAWK CONSTRUCTION CO., INC.; THE CITY OF TOPEKA, KANSAS, *et al., Appellees.*

(520 P. 2d 1230)

Opinion filed April 6, 1974.

*Frank C. Sabatini,* of Sabatini, Waggener & Henderson, of Topeka, argued the cause and was on the brief for Frank C. Sabatini and Lake Shore Country Club, Inc., appellants.

*Gene Olander,* district attorney, was with him on the brief for the State of Kansas, appellant.

*Arthur E. Palmer,* of Goodell, Casey, Briman & Cogswell, of Topeka, argued the cause, and *Gerald L. Goodell,* of the same firm, was with him on the brief for Jayhawk Construction Co., Inc., appellee.

*Dan E. Turner,* city attorney, was with them on the brief for the City of Topeka, Kansas, *et al.,* appellees.

The opinion of the court was delivered by

FROMME, J.: At issue here is the validity of Ordinance No. 13213 of the city of Topeka annexing the Rolling Meadows Sub-

division located west of Shawnee Lake and southeast of Topeka. Jayhawk Construction Co., Inc. (Jayhawk) filed the petition and plat which covered 22 acres adjoining the corporate limits of Topeka on the east.

Another platted residential development in Shawnee County, Lake Shore Estates, lies between Rolling Meadows and Shawnee Lake. Rolling Meadows, a class "B" subdivision, is being developed for houses in the $16,500 to $22,000 price range on lots with frontages of 65 feet. Lake Shore Estates was developed for houses in the $22,000 to $50,000 price range on lots with frontages of 100 feet. The householders in the surrounding area are afraid the lower cost housing development will cheapen their present holdings, and therein lies the present controversy.

Mr. Sabatini, a householder in the adjoining neighborhood, initiated the present action to permanently enjoin the city from approving the plat and annexing the 22 acres. The city answered, denying that the annexation proceeding was unlawful and questioning Mr. Sabatini's standing to sue. Jayhawk answered, supporting the position of the city. Lake Shore Country Club, Inc., whose stockholders live in Lake Shore Estates and the surrounding area, was permitted to intervene and it adopted the allegations and prayer of Mr. Sabatini's petition. The final battle lines were drawn when the district attorney of Shawnee County was permitted to intervene on behalf of the state of Kansas. He filed an "*ex rel.*" petition questioning the legality of the annexation proceedings. Thereupon the "standing to sue" question raised by the city and Jayhawk evaporated from the lawsuit.

Various depositions were taken and filed in the case, along with copies of the annexation proceedings, maps of the area, the plat, the ordinance, affidavits, letters, a contract and a deed. The city and Jayhawk filed motions for summary judgment on the ground there was no genuine issue of material fact and they were entitled to judgment as a matter of law.

The motions were briefed and argued, and the court sustained the motions. The court found that the annexation proceeding was lawful and that the court had no legal authority to inquire into the reasonableness of the action taken by the city in annexing and platting the land. Mr. Sabatini, Lake Shore Country Club, Inc., and the district attorney have appealed and we will refer to them collectively as the appellants.

We will address ourselves to the two points argued in appellants' brief. All other points listed in the formal statement are declared abandoned (*Intercontinental Leasing, Inc. v. Lehr,* 209 Kan. 132, 137, 495 P. 2d 900.). Appellants attack the validity of the annexing ordinance because the petition for annexation was filed by Jayhawk before it had acquired a deed to the 22 acres.

The statute authorizing annexation in this case, K. S. A. 1973 Supp. 12-520, reads in pertinent part as follows:

"The governing body of any city may by ordinance annex land to such city if any one or more of the following conditions exist:

"(g) The land adjoins the city and a written petition for or consent to annexation is filed with the city by the owner."

An ordinance of the city of Topeka, No. 30-3411, which appears to be patterned after the statute, provides:

"(e) In those class 'B' subdivisions which touch or adjoin the corporate limits of the City or touch or adjoin an area on which annexation proceedings have been commenced then the owner shall submit a written consent to annexation of the subdivision to the city along with his preliminary plat."

A summary of the pertinent dates and events agreed upon by the parties is as follows:

| | |
|---|---|
| July 29, 1971 | Jayhawk entered into a purchase contract with Harold and Carleene Schroeder; |
| September 16, 1971 | Jayhawk filed a pre-application plat for consideration of the city planning commission; |
| September 22, 1971 | The city planning commission adopted a platting procedure; |
| September 30, 1971 | Jayhawk filed the preliminary plat; |
| October 4, 1971 | Jayhawk filed the petition for annexation; |
| October 15, 1971 | A public hearing was held before the planning commission on the question of the annexation and platting of the 22 acres; |
| December 17, 1971 | The deed to Jayhawk was filed of record; |
| January 21, 1972 | A public hearing before the planning commission was held and the proposed annexation and platting received approval; |
| February 8, 1972 | A public hearing was held before the city commission and the final plat was approved; |
| February 15, 1972 | The plat as approved was recorded; |
| February 22, 1972 | A public hearing was held before the city commission on the question of annexation; |
| February 23, 1972 | A letter of the former owner consenting to the annexation was filed with the city commission; |
| February 29, 1972 | The annexation ordinance received final approval and was adopted by the city commission. |

The appellants first point is directed toward the sufficiency of the petition for annexation. They argue that K. S. A. 1973 Supp. 12-519 (c) defines owner as one who has record title to the land, and that K. S. A. 1973 Supp. 12-520 (g) requires the written petition for annexation to be filed by the owner. Since Jayhawk did not hold record title at the time the petition was filed, appellants contend the petition and all subsequent proceedings thereon were defective and void.

Appellees, on the other hand point out that 12-520 (g) provides in the alternative for a "consent to annexation . . . by the owner." They point to the contract of purchase where the owners of the land agreed "to do any and all such things necessary on their part to aid the Purchaser in such platting." They show that the owners did consent to the annexation petition by letter before any final action was taken by the city. They point out further that at the time the annexation ordinance was adopted Jayhawk had become the owner of record title by deed from the Schroeders.

Under the circumstances outlined by appellees we believe there was substantial compliance with the statute. The purpose of the requirement in the statute is to protect the rights of the owner against unilateral action by a city in annexing the owner's land. Under this section consent of the owner is required and may be established by having him file a petition or he may consent thereto. Both the purchaser and the record owner sought annexation in this case. They cooperated throughout the proceedings and when final action was taken the petitioner was the record owner of the property and had on file with the city the written consent from the former owner.

It is argued that the provisions of the statute, 12-520 (g), are jurisdictional and must be complied with before the city has the legislative authority to begin any proceedings for the annexation. We cannot agree. Under several of the conditions for annexation specified in the statute a petition by or with the consent of the owner is not required. The city may initiate the proceedings on its own under certain conditions listed in the statute.

Substantial compliance is all that is required. Substantial compliance requires compliance in respect to the essential matters necessary to assure every reasonable objective of the statute. (*City of Kansas City v. Board of County Commissioners*, 213 Kan. 777, 518 P. 2d 403.) The reasonable objective of the statute was met in

this case when the purchaser under the contract filed its petition and the record title owner thereafter consented to annexation. The subsequent deed to the purchaser was filed of record before the annexation ordinance was finally adopted.

The conditions for annexation provided in K. S. A. 1973 Supp. 12-520 (g) must be substantially complied with and a petition for annexation filed by a purchaser under contract followed by a written consent filed by the sellers substantially complies with every reasonable objective of the statute.

Ordinance No. 13213 of the city of Topeka annexing Rolling Meadows Subdivision was validly enacted under proper statutory authority granted in K. S. A. 1973 Supp. 12-520 (g) and the petition for annexation filed was not jurisdictionally defective for the reasons discussed in this opinion.

Now for the second point, the appellants contend they have a right to contest the reasonableness of the platting and annexation under authority granted in K. S. A. 12-712 and that the district court erred in ruling otherwise. The statute provides:

*"That any ordinance or regulation provided for or authorized by this act* shall be reasonable, and any taxpayer or any other person having an interest in property affected, may have the reasonableness of any ordinance or regulation determined by bringing an action, in the district court of the county in which such city is situated, against the governing body of said city." (Emphasis added.)

This statute, which is relied on by appellants, was originally passed as Section 7 of Chapter 100 of the Laws of 1921 relating to zoning. The original act has continued down through the years, with certain amendments not of present concern, until it now appears as K. S. A. 12-707 through 12-714. These are zoning laws under which the city may by ordinance divide the city into zones or districts and regulate and restrict the location and use of buildings and the uses of the land within each district or zone. The review of administrative proceedings provided in K. S. A. 12-712 relates to zoning ordinances and regulations and does not apply to the annexation and platting of land.

The appellants rely on *Bodine v. City of Overland Park,* 198 Kan. 371, 424 P. 2d 513, and *Hudson Oil Co. v. City of Wichita,* 193 Kan. 623, 396 P. 2d 271, as authority for maintaining the action under K. S. A. 12-712. Both of these cases were zoning cases and are not

authority for testing in court the reasonableness of annexation and platting of land.

Appellants seek to tie the remedy provided in K. S. A. 12-712 to K. S. A. 1973 Supp. 12-705, 12-705a, 12-705b and 12-705c. These latter statutes relate to the platting and subdivision of land. They were first enacted by separate act as Chapter 99 of the Laws of 1921 for the purpose of creating city planning commissions.

The "act" referred to in K. S. A. 12-712 is restricted to Chapter 100 of the Laws of 1921 relating to zoning and does not include Chapter 99 of the Laws of 1921. The present controversy is not over zoning. All property in the present case was zoned for residential purposes long before the present proceedings were initiated and no change in zoning was sought.

The platting and annexation of land by municipal corporations are legislative functions since municipal corporations are creatures of the legislature exercising only such powers of existence and extension of boundaries as are conferred by the law plus those necessary to make the conferred powers effective. See *State, ex rel., v. City of Overland Park*, 192 Kan. 654, Syl. ¶¶ 1, 2, 391 P. 2d 128. In the latter case it is held:

"The wisdom, necessity or advisability of annexing territory to cities is not a matter for consideration by the courts. The basic function and duty of the courts is to determine whether a city has statutory authority and whether it has acted thereunder in passing an annexation ordinance." (Syl. ¶ 3.)

It is not a proper judicial function for a court to inquire into the reasonableness, wisdom, necessity or advisability of annexing and platting land. In this area of legislative function the judicial duty of the courts is limited to the determination of whether the city was granted the necessary statutory authority to act and, if so, whether it acted within that authority.

It has been repeatedly held that an action challenging the validity of a city annexation ordinance can be prosecuted only by the state acting through one of its proper officers, such as a county attorney, district attorney or the attorney general. See *State, ex rel., v. City of Overland Park*, supra, and *Babcock v. City of Kansas City*, 197 Kan. 610, 419 P. 2d 882. The vehicle generally used for such purpose is a proceeding in quo warranto. See *State, ex rel., v. City of Topeka*, 173 Kan. 387, 246 P. 2d 250; *State, ex rel., v. City of Topeka*, 175 Kan. 488, 264 P. 2d 901; *State, ex rel., v. City of Kansas City*, 181 Kan. 870, 317 P. 2d 806; and *Babcock v. City of Kansas City*, supra.

However, even this remedy does not permit a court to question the reasonableness, wisdom, necessity or advisability of platting and annexing land. (See Quo Warranto, Jurisdiction and grounds, K. S. A. 60-1202.)

In conclusion we wish to point out that we have not overlooked our decision in *Burke & McCaffrey, Inc. v. City of Merriam,* 198 Kan. 325, 424 P. 2d 483, where the reasonableness of the action of the governing body of the city of Merriam in refusing to approve a proposed plat of a subdivision was considered. In that case the lower court ruled there was no evidence of unreasonable or arbitrary action and this court on appeal affirmed the lower court's decision. We have reviewed the record and briefs filed in that case and no question was presented to the trial court or to this court questioning the remedy pursued or the judicial function of the court in deciding the issue of reasonableness. Therefore, the case should not be considered as authority for reaching these issues in any similar action where such questions are raised.

In summary we hold the ordinance annexing Rolling Meadows Subdivision was validly enacted under proper statutory authority and the district court did not err in holding it is not a proper judicial function for a court to inquire into the reasonableness, wisdom, necessity or advisability of platting and annexing land. Accordingly the judgment is affirmed.