No. 45,329

ROBERT KEENEY and CAROL KEENEY; DUANE SYVRED and JEAN SYVRED; H. E. FELLOWS and MARILYN FELLOWS; S. F. MESSER and MARY ANN MESSER; SANDY MCCREIGHT; PAUL G. WULFSBERG and BLANCHE WULFSBERG, *Appellants,* v. THE CITY OF OVERLAND PARK, a Municipal Corporation; and CENTURY DEVELOPMENT COMPANY, INC., a Corporation, *Appellees.*

(454 P. 2d 456)

Opinion filed May 17, 1969.

*Wilson E. Speer,* of Olathe, argued the cause, and *John Anderson, Jr.,* of Olathe, was with him on the brief for the appellants.

*Donald C. Amrein,* city attorney, and *John J. Gardner,* of Olathe, argued the cause, and were on the brief for the appellees.

The opinion of the court was delivered by

O'CONNOR, J.: This is an action brought pursuant to K. S. A. 12-712 by plaintiffs, a group of homeowners within or near the Wycliff subdivision in Overland Park, to test the reasonableness of an ordinance enacted by the city governing body rezoning a nearby tract of land. The district court, after hearing the matter, entered judgment for the defendant city and intervenor, Century Development Company, Inc., and plaintiffs have appealed.

The several assignments of error resolve themselves into two basic questions: (1) whether the trial court properly restricted the evidence to the transcript of the hearing and those matters actually considered by the city council in enacting the ordinance, and (2) whether the court erred in upholding the reasonableness of the council's action.

Century Development Company, Inc. is the owner of approximately thirty-eight acres of land located on the northwest corner of the intersection of 103d street and Antioch road in Overland Park. On August 29, 1966, the company filed an application to rezone approximately the south thirty-four acres of the tract from R-1 (single family residential) to R-3 (garden apartments). After public hearing and study, the planning commission recommended approval of the application, and the matter was forwarded to the city council for final disposition. The council conducted a public hearing on December 5, at which numerous interested persons, including attorneys for the applicant and protesting homeowners, appeared and made statements supporting their respective views. A verbatim record was made of the proceedings. The council, by majority vote, approved the application and an ordinance was duly enacted rezoning the property.

Plaintiffs filed their petition January 11, 1967, alleging the action of the defendant city was unreasonable, arbitrary, capricious, and without just cause. It was alleged the rezoning ordinance would, among other things, depreciate the values of plaintiffs' properties, would cause an additional safety hazard for children attending a nearby school, would create an undue burden upon existing sewers and streets in the area, would change the complexion of the area, and was adopted in complete disregard of the city's general and comprehensive plan of development prepared and published pursuant to K. S. A. 12-704. Thereafter, Century Development Com-

pany, Inc. was permitted to intervene, and the company, as well as the defendant city, filed answers generally denying the allegations of plaintiffs' petition.

Plaintiffs later sought to amend their original petition to state as an additional ground for the city's action being unreasonable that the council adopted the ordinance "upon the assumption" an adjoining tract of land to the west of the one in question (hereafter referred to as the Shorten-Sharp tract) had been lawfully rezoned to predominantly R-3 classification in late 1965 or early 1966, but in law and fact such purported rezoning was void and of no force and effect. At a pretrial conference held June 26, 1967, the district court, after noting that a transcript of the hearing before the city council was avaliable, and apparently relying on our decision in *Bodine v. City of Overland Park,* 198 Kan. 371, 424 P. 2d 513, ruled that the transcript would be admissible in evidence, and further, that the court would confine itself only to evidence relating "to the matters heard by the city governing body along with any exhibits or documentary evidence that were likewise submitted and considered" by the city council in making its decision.

Following the trial in district court, at which all parties introduced evidence, the district judge, on July 31, 1967, specifically found the city governing body considered numerous factors in enacting the ordinance, such factors being: a comprehensive plan of development for the entire area; the nature, type and appearance of structures to be built on the tract in question, including an acreage set aside for a church; the fact the tract was bounded on the south and west by R-3 zoning and on the south and east by two major thoroughfares, and the relative location of plaintiffs' properties in the Wycliff subdivision; provision was made for more than adequate parking; the terrain of the land; problems, if any, of sewers and traffic congestion; the number of school children .that could be expected; the substantial increase in tax base and the capital investment differential; community demand for apartments; depreciation in value of surrounding property; possibility of future change in area zoning; and the relation of the proposed development with others in the Kansas City area and future development impacts. The court further found that the question of the validity of the zoning of the Shorten-Sharp tract need not be decided "for assuming arguendo that same could be injected into the case, the plaintiffs have failed in their burden of proof, as a matter of law,

to show that same was a material assumption by the city." The court concluded from all the evidence that plaintiffs had failed to sustain their burden of proof to show the city acted unreasonably, and entered judgment for the defendants.

Plaintiffs' pricipal complaint on appeal raises the question of what evidence may be considered by the district court in testing the reasonableness of an ordinance or regulation under K. S. A. 12-712.

Plaintiffs urge that as a result of the trial court's pretrial ruling restricting the evidence to the "record and all evidentiary matters" considered by the city governing body in making its decision they were precluded from establishing the invalidity of the earlier rezoning of the Shorten-Sharp tract lying west of and immediately adjacent to the Century Development Company property. Since the zoning of surrounding property is always an important factor in considering an application for rezoning, plaintiffs argue the validity of the zoning on the Shorten-Sharp tract was relevant to the reasonableness of the city's action in rezoning the property in question.

Plaintiffs' contention the trial court misconstrued our decision in *Bodine v. City of Overland Park,* supra, with respect to what evidence may be considered in an action of this nature is well founded. In *Bodine* we said:

". . . The statutory proceeding authorized by 12-712, *supra,* (and 19-2913, *supra*) is neither a trial *de novo* nor an appeal in the true sense of the word. When the trial court hears evidence anew in a case of this character, the proceeding resembles a trial *de novo,* but there the semblance ends.

"It is to be noted the statutes (12-712, *supra,* and 19-2913, *supra*) do not set out the procedure to be used in the district court in proceedings of this nature. In *Appleby v. Board of County Commissioners,* 166 Kan. 494, 203 P. 2d 224, the court recognized this fact and held that the trial procedure is governed by our code of civil procedure; that the defendants may defend the action, demur to the plaintiffs' evidence and appeal if the demurrer is overruled. While the *Appleby* decision was made prior to the adoption of our new code of civil procedure the basic rule must be the same. In other words, in the instant case the proceeding was to be conducted in accordance with the new code of civil procedure which became effective January 1, 1964. Incorporated therein is Article 4—Rules of Evidence. (K. S. A. 60-401 to 60-470, inclusive.) Thus, the reasonableness of the action taken by the governing body of the city of Overland Park in denying the appellees' R-4 garden apartment zoning application *should be determined from the issues made up by the pleadings and the evidence submitted thereon in accordance with the rules of evidence.* (See, *Hillebrand v. Board of County Commissioners,* 180 Kan. 348, 350, 304 P. 2d 517.)" (Emphasis added.) (pp. 385, 386.)

Although we said that the proceeding in district court bears some semblance of a trial *de novo,* we cautioned that the power of the

court is limited to determining (*a*) the lawfulness of the action taken, that is, whether procedures in conformity with law were employed; and (*b*) the reasonableness of such action. With respect to the question of reasonableness, the court may not substitute its judgment for that of the governing body and should not declare the action of the governing body unreasonable unless clearly compelled to do so by the evidence. The presumption exists that the governing body acted reasonably, and it is incumbent upon those attacking its action to show the unreasonableness thereof. (Also, see, *Arkenberg v. City of Topeka*, 197 Kan. 731, 421 P. 2d 213; *Moyer v. Board of County Commissioners*, 197 Kan. 23, 415 P. 2d 261; *Konitz v. Board of County Commissioners*, 180 Kan. 230, 303 P. 2d 180.)

The city governing body in *Bodine*, unlike here, made no record of the hearing which it conducted upon the zoning application. The district court heard evidence as if the case were presented as a trial *de novo* upon the issues framed by the pleadings.

Since *Bodine* we have had further occasion to reemphasize the limitations upon the power of the district court to review by a trial *de novo* the decisions of administrative bodies. (*Rydd v. State Board of Health*, 202 Kan. 721, 451 P. 2d 239; *Lauber v. Firemen's Relief Association*, 202 Kan. 564, 451 P. 2d 488; *Kansas State Board of Healing Arts v. Foote*, 200 Kan. 447, 436 P. 2d 828.)

In *Rydd v. State Board of Health*, supra, we had before us the provisions of K. S. A. 65-504 wherein an applicant or licensee aggrieved by the order of the board in denying or revoking a license may seek judicial review in the district court on the limited question of whether or not the order was arbitrary, unlawful or unreasonable. The statute provides that "Such an appeal shall be tried *de novo* and the court shall receive and consider any pertinent evidence, oral or documentary, concerning the order of the board from which the appeal is taken." In the opinion we stated:

"It is true the appeal statute here (65-504) provides for trial *de novo*; however, as in *Foote*, the statute is to be construed in the light of the constitutional inhibition prescribed by the separation of powers doctrine. This means the legislature may not impose upon the judiciary the function of a trial *de novo* of action of an administrative agency in the sense of authorizing the court to substitute its judgment for that of the administrative agency in matters other than law or essentially judicial matters.

"65-504 authorizes the court to act if it finds the board's order arbitrary, unlawful or unreasonable. The issue, then, before the district court upon appeal is the reasonableness and legality of the order appealed from. . . ." (p. 729.)

In the instant case the lawfulness of the action taken by the city governing body from a procedural standpoint was not attacked. The sole question presented for determination by the district court was the reasonableness of the governing body's action in rezoning Century Development Company's property. The burden was on the plaintiffs to prove the action unreasonable.

The rules of evidence (Art. 4) of the new code of civil procedure apply to the proceeding in district court. (*Bodine v. City of Overland Park*, supra.) These rules recognize as a fundamental principle that the primary test of admissibility of evidence is its relevancy to the issue in dispute, and that all relevant evidence is admissible unless limited by the various exclusionary rules. (See, Gard, Kansas Code of Civil Procedure, Annotated, § 60-407, pp. 370, 371.) Thus, a district court, in determining the reasonableness of the action of a city governing body, is not necessarily limited to those matters considered by the city fathers. Within the framework of issues made up by the pleadings or at pretrial conference, the court may receive and consider any evidence relevant to the limited question of reasonableness. The test of relevancy should not depend on the availability of a full and complete transcript of the proceedings before the city governing body. In actual practice, the proceedings may or may not be recorded. If a record is made, as it was here, it is relevant and admissible in the district court. Parties attacking the reasonableness of an ordinance should not be precluded from the presentation of relevant evidence showing unreasonableness, even though such evidence was not presented to the governing body. This is not meant to imply that the hearing in district court should be a retrial on the merits of the zoning application, irrespective of whether or not a record was made of the city council's proceedings; neither does it imply that a party may lie in wait and ambush the other side at the district court hearing. The district judge remains armed with his usual discretion in admitting or rejecting evidence, and his rulings will not be disturbed unless substantial rights of a party are thereby affected. (See, *Bodine v. City of Overland Park*, supra.)

Our view on the point under consideration is fully supported by our decision in *Rydd v. State Board of Health*, supra, where the district court had concluded it could not consider evidence which had not been presented to the administrative board. Although the lower court's disposition of the case was affirmed on other grounds,

we added the following words of guidance with respect to the court's reviewing authority:

". . . The lack of uniform requirements and resultant practice in recording evidence supporting administrative action, as well as the indiscriminate use of the term trial *de novo,* has contributed to some confusion in our law and points up the desirability of greater uniformity in our statutes governing hearings by administrative agencies and judicial review of their actions. This problem was recently discussed in *Bodine v. City of Overland Park,* 198 Kan. 371, 424 P. 2d 513, where it was stated that evidence submitted upon judicial review of a zoning action was to be received in accord with our evidentiary code. (K. S. A. Chap. 60, Art. 4). The trial in district court then is *de novo* in the sense the court may take its own evidence and is not necessarily limited to the evidence presented before the administrative board. The power to receive and consider such evidence, however, is not to be employed for the purpose of enlarging the scope of judicial review—that test being, the evidence must be *relevant* to the limited issue before the court on appeal; namely, the reasonableness and legality of the order appealed from. . . ." (pp. 731, 732.)

Over the years, the scope of judicial review of actions by administrative bodies had been of perplexing concern to the bench and bar of this state. The confusion has apparently arisen because of the creation of an ever increasing number of administrative agencies, boards and tribunals, each with its own peculiar statutory provisions. The present case, like others reaching this court recently (see, *e. g., Rydd v. State Board of Health,* supra; *Lauber v. Firemen's Relief Association,* supra; *Kansas State Board of Healing Arts v. Foote,* supra; *Board of County Commissioners v. Brookover,* 198 Kan. 70, 422 P. 2d 906; *Moyer v. Board of County Commissioners,* supra; *Lira v. Billings,* 196 Kan. 726, 414 P. 2d 13), clearly demonstrates the need for legislation providing for greater uniformity in the areas of administrative practice and procedure and judicial review of administrative decisions.

Although the trial court's ruling was unduly restrictive as to what evidence was admissible, the plaintiffs are not entitled to a reversal of the judgment. The court did not abuse its discretion in excluding certain evidence offered by plaintiffs, which was mainly repetitious of that given at the hearing before the city council. In ruling on plaintiffs' proffered evidence to establish their claim that the city's action was based in part on the alleged invalid zoning of the Shorten-Sharp tract, the court considered such evidence beyond the scope of proper inquiry. Despite the ruling, the court, in the journal entry of judgment, specifically found that even if such

zoning was in fact void, plaintiffs had nevertheless failed to show it was "a material assumption" by the city. This, in effect, constituted a finding that the alleged invalidity of the rezoning of the Shorten-Sharp tract was not of such materiality as to make the action of the governing body unreasonable. The district court's other findings previously recited disclose the numerous factors taken into consideration by the council in granting the application in question. The zoning on the Shorten-Sharp tract was only one of those many factors. The court's findings which have not been challenged, except as they relate to the Shorten-Sharp tract, were supported by the evidence. Under all the facts and circumstances, we agree with the trial court's conclusion that plaintiffs failed to sustain their burden of proving the action of the city governing body was unreasonable. The judgment is affirmed.