(563 P.2d 1069)
No. 48,199

AUBREY RICKARD, *Appellee*, v. LLOYD FUNDENBERGER, *Appellant.*

Opinion filed April 22, 1977.

*Christopher A. Randall, Raymond L. Dahlberg* and *Steven J. Muth*, of Turner and Hensley, Chartered, of Great Bend, for the appellant.

*Richard Ankerholz*, of Lyons, for the appellee.

Before HARMAN, C.J., ABBOTT and PARKS, JJ.

ABBOTT, J.: This is an action to enjoin the construction of an accessory building in a zoned residential area of Lyons, Kansas. A building permit was granted to Fundenberger by the city of Lyons allowing construction of a building having dimensions of 40 feet by 58 feet. The north half of the building was to be 21 feet high from the ground to the peak of the roof, and the south half was to be 17 feet high. A neighbor, Aubrey Rickard, appealed to the Board of Zoning Appeals, requesting cancellation of the building permit. The zoning board heard evidence and denied the appeal. Appellee filed this injunction action. All parties requested the trial court to consider the matter as an appeal from the zoning board of Lyons, Kansas, and the case was thereafter so considered. The district court heard and considered evidence and reduced the size of the building appellant could construct. The appellant has brought the matter here for review.

The appellant raises three issues on appeal: (1) Whether the district court erred in conducting a trial *de novo* rather than limiting itself to the evidence submitted to the Board of Zoning Appeals; (2) whether the trial court exceeded its scope of review of an administrative body's decision; and (3) whether the district

court erred in applying a "preponderance of the evidence" standard.

The trial court did not err by not limiting itself to the evidence submitted to the Board of Zoning Appeals. No record was made of the proceedings before the Board of Zoning Appeals. Had a record been made, it would have been admissible in the district court. The district court, however, is not limited to evidence presented to the Board of Zoning Appeals. The court's authority to hear evidence in matters of the nature presented here is well defined in Kansas.

"The trial in district court then is *de novo* in the sense the court may take its own evidence and is not necessarily limited to the evidence presented before the administrative board. The power to receive and consider such evidence, however, is not to be employed for the purpose of enlarging the scope of judicial review— the test being, the evidence must be *relevant* to the limited issue before the court on appeal; namely, the reasonableness and legality of the order appealed from. . . ." *Rydd v. State Board of Health,* 202 Kan. 721, 732, 451 P.2d 239.

In *Keeney v. City of Overland Park,* 203 Kan. 389, 454 P. 2d 456, the Supreme Court held that all relevant evidence as to the reasonableness of the action is admissible unless limited by the various exclusionary rules, stating:

"Parties attacking the reasonableness of an ordinance should not be precluded from the presentation of relevant evidence showing unreasonableness, even though such evidence was not presented to the governing body. This is not meant to imply that the hearing in district court should be a retrial on the merits of the zoning application, irrespective of whether or not a record was made of the city council's proceedings; neither does it imply that a party may lie in wait and ambush the other side at the district court hearing. The district judge remains armed with his usual discretion in admitting or rejecting evidence, and his rulings will not be disturbed unless substantial rights of a party are thereby affected." (p. 394.)

In *Strader v. Kansas Public Employees Retirement System,* 206 Kan. 392, 402, 479 P. 2d 860, the court said, "[A] party appearing before an administrative body cannot produce his evidence piecemeal. He cannot produce part of his evidence before an administrative agency and then produce the balance on judicial review. . . ."

Appellant does not allege error from the admission of any specific testimony. All of the evidence taken and considered by the trial court was relevant to the issue of the reasonableness of the Board of Zoning Appeals' actions, and the trial court did not

abuse its discretion in admitting the same. This is particularly true where a specific objection to the evidence was not made. This does not mean, however, that the district court can substitute its judgment for that of the Board of Zoning Appeals. The Board of Zoning Appeals was, in effect, the trier of facts and had the responsibility of weighing controverted evidence and arriving at a judgment on the merits as to entitlement to a building permit.

The scope of judicial review by the district courts and the appellate courts is the same and has been stated to be:

"The rules for judicial review of municipal zoning ordinances and determinations are well established. 'It must be understood that the governing body has the right to prescribe zoning, the right to change zoning and the right to refuse to change zoning' (citation omitted). The power of the district court, in reviewing zoning determinations, is limited to determining (1) the lawfulness of the action taken, that is, whether procedures in conformity with law were employed, and (2) the reasonableness of such action. In making the second determination, the court may not substitute its judgment for that of the governing body and should not declare the action of the governing body unreasonable unless clearly compelled to do so by the evidence (citations omitted). 'There is a presumption that the governing body acted reasonably and it is incumbent upon those attacking its action to show the unreasonableness thereof', by a preponderance of the evidence (citations omitted). . . ." (*Highway Oil, Inc. v. City of Lenexa*, 219 Kan. 129, 132, 547 P. 2d 330.)

In reviewing a district court's judgment, this court, for the purpose of determining whether the district court observed the requirements and restrictions placed upon it, will make the same review of the administrative tribunal's action as does the district court. (*Kansas State Board of Healing Arts v. Foote*, 200 Kan. 447, 436 P. 2d 828; *Swezey v. State Department of Social and Rehabilitation Services*, 1 Kan. App. 2d 94, 562 P.2d 117.)

The lawfulness of the action taken by the Board of Zoning Appeals from a procedural standpoint was not attacked. The sole question before the district court was the reasonableness of the Board of Zoning Appeals' action in refusing to cancel the building permit. The burden was on the plaintiff-appellee to produce evidence to overcome the presumption of reasonableness and "clearly compel" a finding of unreasonableness. (*Keeney v. City of Overland Park*, supra; *Paul v. City of Manhattan*, 212 Kan. 381, 511 P. 2d 244.)

The district court heard evidence on the question of reasonableness from appellee, appellee's wife, a real estate expert,

appellant, appellant's wife, and four neighbors. Appellee and his wife objected that the building would block their view, that the foundation would interfere with drainage in the block, that the building would decrease the value of their property, and that it would create a fire hazard in that it was of frame construction and located one-half block south and one-half block west of the nearest fire hydrant. The realtor testified that the building would decrease the value of appellee's home by $5,000 due to its size, location, and the type of material to be used.

Appellant testified that the accessory building contained fewer square feet than his home; that all of the homes in the block were of frame construction other than the brick home of appellee. He denied that the building would be a fire hazard and that it would affect drainage. Appellant testified he would use the building to store five motorcycles, a camper, a race car, antique cars, and miscellaneous other items he owned; and he would use it as a place to work on his race car, but that it would not be used commercially.

Two neighbors testified they had small children and did not object to the structure; one of them testified it would not be a fire hazard or create a drainage problem. On rebuttal, two other neighbors testified they objected because of the location, size and potential drainage problem.

The district court found that any structure built must be compatible with the other structures in the R-1 area in size, material used, and the purposes for which it is to be used. The court found the proposed structure did not fit into the general character of the neighborhood. The trial judge then stated, "The Court believes that it has a large measure of discretion to grant or refuse an injunction in cases such as the one before the Court." (Citing cases.)

The appellant was then restrained from building the structure as planned, but the court determined appellant could build a structure 34 feet by 26 feet with 14-foot sidewalls.

Appellant requested a new trial and modification of the judgment. The trial judge modified the size of the structure by increasing the length of the structure to 35 feet. The trial judge, for the first time, then made a finding that the action taken by the Board of Zoning Appeals of Lyons, Kansas, was unreasonable.

It is important to note that the material from which the building

was to be constructed was not in violation of any city ordinances; that the building did not exceed permissible height requirements; nor was there any contention that the structure violated any maximum lot coverage regulations.

The district court, for its authority to limit the size of the structure, relied upon a portion of the zoning ordinance defining the purpose of the R-1 area, which reads as follows:

"This district is composed of residential areas of the city plus certain open areas where similar development appears likely to occur. The regulations for this district are designed to stabilize and protect the essential characteristics of the district, to promote and encourage a suitable environment for family life and to prohibit activities of a commercial or industrial nature. To these ends, development is limited to single-family residence, plus certain additional uses such as schools, parks, churches, and certain public facilities which serve the residents of the district." (Zoning Regs. [1976], City of Lyons, Kansas.)

Neither party raises any question concerning the authority of the appeals board or the district court to deny a building permit or limit the size of an accessory building under this ordinance, nor do they challenge the language as being so vague and uncertain as to be left to the whim or caprice of the appeals board.

The law in Kansas is clear that neither a trial court nor an appellate court can substitute its judgment for that of the Board of Zoning Appeals in matters other than law or essentially judicial matters, and neither court can declare the board's actions unreasonable unless clearly compelled to do so by the evidence. (*Olathe Hospital Foundation, Inc. v. Extendicare, Inc.*, 217 Kan. 546, 539 P. 2d 1; *Neeley v. Board of Trustees, Policemen's & Firemen's Retirement System*, 205 Kan. 780, 473 P. 2d 72.)

The Board of Zoning Appeals, by not canceling the building permit, determined that the building was not incompatible with "a suitable environment for family life" and did not destroy "the essential characteristics of the district." In a similar situation where a zoning question came before our Supreme Court, the court said: "The most that could be said from the standpoint of plaintiff and those he represents is that the matter may be fairly debatable. That being so, the court may not substitute its judgment for that of the city in order to change the decision on the debate. . . ." (*Arkenberg v. City of Topeka*, 197 Kan. 731, 738, 421 P. 2d 213.)

From the record it is clear the trial court exceeded the permissible extent of judicial review and substituted its judgment for

that of the Board of Zoning Appeals of Lyons, Kansas. That it could not do.

Reversed.