Jack C. THORNTON et al.

v.

Clifford LOTHRIDGE et al.

Supreme Judicial Court of Maine.

Argued Jan. 21, 1982.

Decided July 12, 1982.

As Modified on Denial of Rehearing
Aug. 3, 1982.

Verrill & Dana, Michael T. Healy (orally), William S. Harwood, Portland, for plaintiffs.

Orville T. Ranger (orally), Lendall L. Smith, Brunswick, for defendants.

Before GODFREY, NICHOLS, ROBERTS, CARTER, VIOLETTE and WATHEN, JJ.

NICHOLS, Justice.

The Appellants, residents of Brunswick who live near the site of a proposed nursing home, appeal from an order of the Superior Court (Cumberland County) which granted summary judgment to the Appellees[1], Brunswick Manor, Inc., the Town of Brunswick, and Clifford Lothridge, the Brunswick Building Inspector, and affirmed the decision of the Brunswick Zoning Board of Appeals. The Zoning Board of Appeals had granted the application of Brunswick Manor, Inc., for variances from and an exception to the local Zoning Ordinance so that the applicant might construct a new nursing home on the site of the existing nursing home owned by Brunswick Manor, Inc. The Appellants sought review in Superior Court pursuant to M.R.Civ.P. 80B, asserting that neither 30 M.R.S.A. § 4963 nor the Brunswick Zoning Ordinance authorizes the granting of the application of Brunswick Manor, Inc., by the Zoning Board of Appeals.

We affirm the judgment.

The existing nursing home is located in an urban residential district, has two and one-half stories, is equipped with forty-seven beds, and has twelve off-street parking spaces. Plans for the proposed new nursing home include three stories in half of the building and two and one-half stories in the remainder, a fifty bed capacity, and twenty-four off-street parking spaces. The local Zoning Ordinance allows the construction of a nursing home only when an exception is granted by the Zoning Board of Appeals. Brunswick Zoning Ordinance, § 402 (1969). Under the Ordinance, the proposed nursing home must not exceed two and one-half stories and must have thirty-nine off-street parking spaces. Brunswick Zoning Ordinance, §§ 502, 503, 509 (1969).

■ We attach no presumptive validity to the Superior Court order where, as here, the Superior Court makes its decision entirely from the record developed at the zoning board of appeals level. On this appeal we independently review the record to determine whether the Board of Appeals erred in granting the application of Brunswick Manor, Inc. *See Driscoll v. Gheewalla*, Me., 441 A.2d 1023, 1026 (1982).

■ As their first argument on appeal the neighbors contend that the variance from story and parking space requirements is invalid because the Zoning Board of Appeals did not apply, nor does the case meet, the undue hardship standard of 30 M.R.S.A. § 4963(3)[2]. The Superior Court found no error in the granting of the variance. The Court reasoned that boards of appeal established prior to September 23, 1971, the effective date of 30 M.R.S.A. § 4963, were exempted from that statutory standard by the savings provision found in 30 M.R.S.A. § 4964[3]. We conclude that the variance was not erroneously granted because the standard applied by the Board of Appeals was a standard consistent with the requirements of 30 M.R.S.A. § 4963. In so ruling we express no opinion whatsoever upon the effect of 30 M.R.S.A. § 4964 in similar fact situations.

■ A town may enact a zoning ordinance pursuant to the grant of such authority heretofore found in 30 M.R.S.A. § 4953[4] and since 1969 in 30 M.R.S.A. § 1917, which implements the home rule powers granted municipalities by the Maine Constitution, art. VIII, pt. 2 § 1. The promulgation of a zoning ordinance by a municipality triggers the required establishment of a board of appeals with statutory responsibilities. 30

---

1. Deleted as an appellee in the caption of this case is the Town of Brunswick. The proper party defendant is the Building Inspector, Clifford Lothridge. *See Inhabitants of the Town of Boothbay Harbor v. Russell*, Me., 410 A.2d 554, 559 (1980).

2. See Note 5, *infra*.

3. 30 M.R.S.A. § 4964 (Supp.1981) provides in pertinent part:

Any planning board or district established and any ordinance, comprehensive plan or map adopted under a prior and repealed statute shall remain in effect until abolished, amended or repealed.

4. 30 M.R.S.A. § 4953 was repealed and replaced by 30 M.R.S.A. § 4962. *See* P.L.1971, c. 455, § 3.

M.R.S.A. § 4954 [5]. *See Benjamin v. Houle,* Me., 431 A.2d 48, 50 (1981). The powers of that board of appeals are delimited by statutory standards. *Stucki v. Plavin,* Me., 291 A.2d 508, 510 (1972). Under both the prior 30 M.R.S.A. § 4954 and the current § 4963, undue hardship is the standard to be used by the board of appeals in deciding an appeal for a variance. Undue hardship exists where strict application of the zoning ordinance would result in the practical loss of all beneficial use of the land. *Driscoll v. Gheewalla, supra* at 1029; *Lovely v. Zoning Board of Appeals of the City of Presque Isle,* Me., 259 A.2d 666, 670 (1969). The existence of an undue hardship must be determined by a consideration of the facts in each case.

That the Zoning Board of Appeals applied the undue hardship standard in the instant case is evidenced by its conclusion in its findings dated April 23, 1981 that the application of the story and parking space provisions of the Ordinance "would cause unusual difficulty and substantial financial hardship." Our review is limited to a determination of whether the Zoning Board of Appeals acted arbitrarily, capriciously, or unreasonably when it granted the variances. *Lippoth v. Zoning Board of Appeals, City of South Portland,* Me., 311 A.2d 552, 557 (1973). We conclude that it did not. On the contrary, there is much evidence in the record which supports the Board's decision. *See Bruk v. Town of Georgetown,* Me., 436 A.2d 894, 898 (1981); *Wickenden v.*

---

**5.** 30 M.R.S.A. § 4954, repealed by P.L.1971, c. 455, § 3, provided in pertinent part:

1. Organization. The municipal officers of a municipality which enacts a zoning ordinance shall appoint a board of appeals.

2. Appeal. An appeal may be taken from any decision of the building inspector to the board of appeals, and from the board of appeals to the Superior Court.

A. On an appeal in writing to the board of appeals, it shall affirm, modify or set aside the decision appealed from according to the terms of the pertinent ordinance. The board may grant a variance from the terms of an ordinance where necessary to avoid undue hardship, provided there is no substantial departure from the intent of the ordinance. It may permit an exception to an ordinance only when the terms of the exception have been specifically set forth by the municipality. The failure of the board to issue a written notice of its decision, directed to the appellant, within 30 days from the date of filing of the appeal constitutes a denial of the appeal.

The provisions of this section are now embodied in 30 M.R.S.A. § 4963, enacted in P.L.1971, c. 455, § 2.

30 M.R.S.A. § 4963 (1978 and Supp.1981) provides:

1. Establishment. A board of appeals is established in any municipality which adopts a zoning ordinance for the purpose of hearing appeals from actions or failure to act of the office charged with the enforcement of the zoning ordinance. Such board of appeals shall be governed by section 2411, except that section 2411, subsection 2 shall not apply to boards existing on September 23, 1971.

2. Powers. In deciding any appeal:

A. The board may interpret the provisions of the ordinance which are called into question;

B. The board may approve the issuance of a special exception permit or conditional use permit in strict compliance with the ordinance; and provided the municipality has not authorized the planning board, agency or office to issue said permits;

C. The board may grant a variance in strict compliance with subsection 3.

3. Variance. A variance may be granted by the board only where strict application of the ordinance, or a provision thereof, to the petitioner and his property would cause undue hardship. The words "undue hardship" as used in this subsection mean:

A. That the land in question cannot yield a reasonable return unless a variance is granted;

B. That the need for a variance is due to the unique circumstances of the property and not to the general conditions in the neighborhood;

C. That the granting of a variance will not alter the essential character of the locality; and

D. That the hardship is not the result of action taken by the applicant or a prior owner.

A municipality may, in a zoning ordinance, adopt additional limitations on the granting of a variance, including, but not limited to, a provision that a variance may only be granted for a use permitted in a particular zone.

4. Parties. The board shall reasonably notify of any hearing, the petitioner, the planning board, agency or office and the municipal officers and such persons shall be made parties to the action. All interested persons shall be given a reasonable opportunity to have their views expressed at any hearing.

*Luboshutz,* Me., 401 A.2d 995, 996 (1979). There was evidence of the need for a slightly larger nursing facility and the prohibitive cost of acquiring additional land for the requisite off-street parking. We note that the proposed facility complies with the building height restriction of thirty-five feet. *See* Brunswick Zoning Ordinance, § 502 (1969).

■ As the second argument on their appeal the neighbors contend that the Zoning Board of Appeals had no authority under 30 M.R.S.A. § 4963 to grant the exception for construction of a nursing home. Both the prior 30 M.R.S.A. § 4954(2)(A) and the current 30 M.R.S.A. § 4963(2)(B) [6] authorize the granting of an exception where the proposed facility would comply with the ordinance. It suffices to say that with the variance from story and parking space requirements granted the applicant, the proposed nursing home complies with the local ordinance.

■ As the third argument on their appeal the neighbors assert that the Zoning Board of Appeals had no authority under the local Zoning Ordinance to grant the requested variance from the off-street parking requirements. Section 509 of the Brunswick Zoning Ordinance sets forth the number of parking spaces required for each principal use of the property. This list of the number of required spaces is subject to the power of the Board of Appeals, pursuant to Section 1106 of the Ordinance, to grant a variance from the required number of parking spaces. Under Section 1106 of the Brunswick Zoning Ordinance "the Board of Appeals may grant a reasonable variance from the dimension requirements of this Ordinance, except those set forth in Chapter 8."

The Plaintiffs argue that because the parking space requirements are not made explicit in the Section 502 "Dimension Requirements Table" they are not dimension requirements and cannot be the subject of a variance. Their argument is erroneous for two reasons. First, the local ordinance does not provide that the table found in Section 502 is an exclusive list of the dimension requirements of the Brunswick Zoning Ordinance. The above-quoted portion of Section 1106 of the Ordinance indicates that dimension requirements are found in Chapter 8 of the Ordinance. Second, Section 506 of the Ordinance provides for the required design of off-street parking and deals with parking spaces as a dimension requirement. Section 506 specifies the required stall width, skew width, stall depth, and aisle width of parking spaces.

We cannot say that the Zoning Board of Appeals erroneously interpreted its authority to grant a variance from the off-street parking requirements of the Brunswick Zoning Ordinance.

As their last argument on this appeal, the neighbors contend that the Zoning Board of Appeals was without authority under Section 1107(1) [7] of the Brunswick Zoning Ordinance to grant the exception for construction of the nursing home because the proposed facility would not comply with the story and parking space requirements of the Ordinance. Again, it suffices to say that with the variances from the story and parking space requirements duly authorized, the proposed nursing home is in compliance with the Brunswick Zoning Ordinance.

We conclude that under Section 1107 of that Ordinance the Zoning Board of Appeals did not err when it granted the requested exception.

The entry is:

Appeal denied.

Judgment affirmed.

All concurring.

---

**6.** *See* Note 5, *supra.*

**7.** Section 1107(1) of the Brunswick Zoning Ordinance provides in pertinent part:

> The Board of Appeals may grant an exception to this Ordinance and allow the uses in the zones designated as "XA" in Sec. 402.

> . . . . .
> (An appellant) must prove the rollowing (sic):
> (1) *Certain Requirements Met.* That the use requested meets the requirements of this Ordinance as set forth in Chapters 5–8.