**Donald HALL and Virginia Hall**

v.

**BOARD OF ENVIRONMENTAL PROTECTION.**

Supreme Judicial Court of Maine.

Argued April 30, 1987.
Decided July 14, 1987.

---

**454**

Daniel M. Snow (orally), Pierce, Atwood, Scribner, Allen, Smith & Lancaster, Portland, for plaintiff.

Rebecca Warren Seel, Maine Mun. Ass'n, Augusta, Amicus Curiae.

Gregory W. Sample (orally), Bd. of Environmental Protection, Augusta.

Karin R. Tilberg (orally), Maine Audubon Society, Falmouth, for Intervenor.

Before McKUSICK, C.J., and ROBERTS,[*] WATHEN, GLASSMAN, SCOLNIK, and CLIFFORD, JJ.

GLASSMAN, Justice.

On report pursuant to M.R.Civ.P. 72(c) the Board of Environmental Protection (BEP) challenges an order of the Superior Court, Sagadahoc County, in favor of Donald Hall and Virginia Hall. The court ruled that the denial by the BEP of a building permit to the Halls under Maine's "Sand Dune Law"[1] constituted a regulatory taking of property without compensation in violation of article I, section 21 of the Maine Constitution. We hold that no taking has occurred because substantial beneficial uses of their property remain available to the Halls and, accordingly, vacate the order of the Superior Court.

The Halls purchased their Hunnewell Beach[2] lot and cottage in 1970 for $30,000. From 1970 through 1976 the Halls generally stayed at their cottage each year from spring until fall. In 1976 the Halls lost their cottage to rapidly advancing beach erosion. In November, 1976, when the Halls purchased an abutting lot from the Snyders for $200, the Snyder cottage had been removed because of beach erosion. The Halls thereafter used the two adjoining lots as one.

In 1982 the Halls, after obtaining local building permits, began constructing a permanent residential structure on the property. The Halls failed, however, to obtain a "sand dune permit" from the BEP as re-

---

[*] Roberts, J., sat at oral argument and participated in the initial conference, but did not participate in the final decision.

1. 38 M.R.S.A. §§ 471–478 (1978 & Pamph.1986).

2. Hunnewell Beach is part of Popham Beach and is located in the Town of Phippsburg.

quired by 38 M.R.S.A. § 474 (Pamph.1986).[3] After being notified of this requirement, the Halls applied for a permit from the BEP. The BEP denied the application and the Halls sought direct judicial review pursuant to M.R.Civ.P. 80C. By a multiple count complaint the Halls raised numerous issues before the Superior Court, including a count alleging that the Sand Dune Law as applied to them constituted an unconstitutional taking of their property. The Superior Court affirmed the decision of the BEP and, pursuant to M.R.Civ.P. 12(b)(6), dismissed the count of the complaint alleging the unconstitutional taking. In *Hall v. Board of Environmental Protection*, 498 A.2d 260 (Me.1985), we affirmed the court's decision with respect to the denial of the permit but remanded for further proceedings on the dismissed count of the complaint. On remand a jury-waived trial was held on whether the denial by the BEP of a building permit to the Halls was a taking of their property in violation of article I, section 21 of the Maine Constitution.[4] The trial court determined that this action of the BEP was such a violation and ordered that the issue of compensation to the Halls be set for a jury trial. The trial court granted the parties' motion to report this interlocutory ruling to this court.

We have previously stated that "the principal focus of the courts in 'taking' cases has become a factual inquiry into the substantiality of the diminution in value of the property involved." *Seven Islands Land Co. v. Maine Land Use Regulatory Comm'n*, 450 A.2d 475, 482 (Me.1982). Associated with this diminution in value inquiry is whether beneficial uses of the property remain available to the landowner despite the restrictive regulation or ordinance. *See, e.g., Curtis v. Main*, 482 A.2d 1253, 1258 (Me.1984). The burden is on the Halls to prove that the denial of the permit by the BEP renders their property substantially useless. *Id.*

The trial court based its decision primarily on two findings: First, even though the property could be used for non-permanent residential purposes up to a maximum of seven months a year, because no year-round permanent residential structure could be built on the property, no valuable or beneficial uses of the land remained available to the Halls. Second, based on the testimony of the Halls' real estate expert that the property was worth $50,000 with an option to build a permanent year-round structure, and $500 without such option, the denial of the permit by the BEP reduced the value of the Halls' property by approximately 100%.

We will not disturb these findings unless our review of the record discloses that (1) there is no competent evidence in the record to support them, (2) they are based on a clear misapprehension by the trial court of the meaning of the evidence, or (3) taken in its entirety the force and effect of the evidence rationally persuades to a certainty that the findings are so against the great preponderance of the believable evidence as not to represent the truth and right of the case. *Harmon v. Emerson*, 425 A.2d 978, 982 (Me.1981). Applying this analysis to the instant case, we conclude that the critical factual findings of the trial court were clearly erroneous.

The record discloses, *inter alia*, the following evidence: The Hall property has 150 frontage feet of coastal sand beach. The erosion of the Hall property did not affect existing water, sewer and electric services to the property. The Halls have been using their property during the summer months by living in a fully equipped 27-foot motorized camper connected to all utilities.[5] The property would accommodate a larger mobile unit.

---

3. Section 474, with subsequent amendment not applicable here, became effective in 1979. P.L. 1979, ch. 504, § 3.

4. Article I, section 21 of the Maine Constitution provides:

 Private property shall not be taken for public uses without just compensation; nor unless the public exigencies require it.

5. This "temporary use" of the land by the Halls is allowed without permit by the relevant state statutory and regulatory provisions. *See* 38 M.R.S.A. § 471; Coastal Sand Dune Rule, Ch.

Mr. Hall testified that since the destruction of his cottage in 1976, he had on occasion rented a trailer located near his property for one week for $300, and that there was a steady occupancy of seasonal residential units on all sides of the Hall property, including trailer and recreational vehicle sites. Although the Halls' property had not been offered for sale and was not for sale, comparable properties immediately adjacent to the property of the Halls, having only seasonal use, had sold for substantial sums.

■ We are rationally persuaded to a certainty that the findings of the Superior Court are "so against the great preponderance of the believable evidence that [they do] not represent the truth and right" of this case. *Harmon v. Emerson*, 425 A.2d at 982. It is clear from the preponderance of the believable evidence that beneficial and valuable uses of their property remain available to the Halls despite the denial of a building permit by the BEP. Accordingly, we hold that there has been no taking of the Hall property in violation of article I, section 21 of the Maine Constitution.

The entry is:

Order of the Superior Court vacated. Remanded to the Superior Court for entry of judgment for the Board of Environmental Protection.

355, §§ 3(P) and (T) (1983). Furthermore, such use is not prohibited by the Town of Phipps-burg's Shoreland Zoning and Land Use Ordinance (1986).