2000 ME 45

**William W. WYER**

v.

**BOARD OF ENVIRONMENTAL PROTECTION and State of Maine.**

Supreme Judicial Court of Maine.

Argued Feb. 8, 2000.
Decided March 10, 2000.

---

Kurt E. Olafsen (orally), Olafsen & Butterfield, Portland and Hans Stoeckler, North Dighton, MA, for plaintiff.

Andrew Ketterer, Attorney General, Margaret Bensinger McCloskey, Asst. Atty. Gen. (orally), Augusta, for defendants.

Jennifer Burns Cost, Maine Audubon Society, Falmouth, and Alison Rieser, Marine Law Institute, University of Maine School of Law, Portland, and John Echeverria, the Environmental Policy Project, Georgetown University Law Center, Washington, DC, for amicus curiae Maine Audubon Society.

Before WATHEN, C.J., and CLIFFORD, RUDMAN, DANA, ALEXANDER, and CALKINS, JJ.

WATHEN, C.J.

[¶ 1] William W. Wyer appeals from a judgment entered in the Superior Court (Cumberland County, *Cole, J.*), following a non-jury trial, finding that the denial of a variance under the State's Sand Dune laws did not constitute a taking of Wyer's property in violation of the United States and Maine Constitutions. "The proper procedure for analyzing taking questions is to determine the value of the property at the time of the governmental restriction and compare that with its value afterwards, to determine whether the diminution, if any, is so substantial as to strip the property of all practical value." *Seven Islands Land Co. v. Maine Land Use Regulation Comm'n,* 450 A.2d 475, 482 (Me. 1982). Contrary to Wyer's arguments, we conclude that Wyer failed to meet his burden of proof that the denial of the variance rendered the property substantially useless and stripped it of all practical value. *See Hall v. Board of Envtl. Protection,* 528 A.2d 453, 455 (Me.1987). Because of the property's close proximity to Higgins Beach in Scarborough, the court properly considered the uses of the property for parking, picnics, barbecues and other recreational uses as beneficial uses available to Wyer despite the restrictive regulation. *See id.* (stating that the inquiry into diminution of value in part involves "whether beneficial uses of the property remain available to the landowner despite the restrictive regulation or ordinance"). The court also properly applied the fair market value analysis and considered the value of the property to abutters as an additional factor in determining the value of the property. *See Shawmut Inn v. Town of Kennebunkport,* 428 A.2d 384, 394 (Me. 1981); *Frank v. Assessors of Skowhegan,* 329 A.2d 167, 173 (Me.1974); *Marchi v. Town of Scarborough,* 511 A.2d 1071, 1073 (Me.1986). Further, the court had competent evidence to support its findings that

the property had a value of $100,000 before the Department of Environmental Protection denied the variance and $50,000 after it denied the variance. *See Hall v. Board of Envtl. Protection,* 528 A.2d at 455. Finally, we decline to adopt Wyer's partial taking theory. Neither we nor the United States Supreme Court have allowed recovery for a partial taking and we find no reason to do so here.

The entry is:

Judgment affirmed.