DONALD L. GARBRECHT
LAW LIBRARY

MAY 3 2000

STATE OF MAINE

YORK, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-90-624

PAF-YOR - 5/1/2000

TAWN FICHTER, Administratrix of the
Estate of James Fichter, Deceased, et al.

Plaintiffs

v.

STATE OF MAINE,
BOARD OF ENVIRONMENTAL PROTECTION,

Defendant

ORDER ON
PROCEDURAL MOTIONS

This 1990 case is set for trial starting May 15, 2000 on the plaintiffs' inverse condemnation claims under the United States and Maine Constitutions resulting from the denial by the State of Maine of a sand dune permit which is needed in order to construct an oceanfront home on the plaintiffs' real estate in Biddeford. A number of pre-trial motions have been filed and a conference call lasting nearly an hour was held to fully discuss the motions.

MOTION FOR VIEW - The plaintiffs' motion for view of the property is granted.

PLAINTIFFS' FIRST MOTION IN LIMINE - This motion has two parts. The first seeks to exclude evidence that the construction of a single-family residence on the plaintiffs' property would constitute a nuisance and thus preclude a takings claim. The State has indicated that it will not proceed on a nuisance defense. This portion of the motion is moot.

The second part of the motion deals with the scope of the evidence that would be allowed on the takings claim. The state constitutional provisions on inverse condemnation, see *Larrabee v. Town of Knox*, 2000 Me. 15, n.3 (February 1, 2000) for a definition of inverse condemnation as "a shorthand description of the manner in which a landowner recovers just compensation for a taking of his property when condemnation proceedings have not been instituted." quoting *United States v. Clarke*, 445 U.S. 253, 257 (1980), are clear. See *Wyer v. Board of Environmental Protection*, 2000 Me. 45, (March 10, 2000). They impose a requirement on the landowner to show that the governmental action has ". . . rendered the property substantially useless and stripped it of all practical value." See *Wyer* at ¶ 1.

The federal constitutional provisions for regulatory takings leading to an inverse condemnation claim are more complex. After a review of the comprehensive opinion of Justice Calkins of January 9, 1997 in this case, *Penn Central Transportation Co. v. City of New York*, 438 U.S. 104,124 (1978), *Lucas v. South Carolina Coastal Council*, 505 U.S. 1003, 1019 n.8 (1992), and *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687 (1999) I must conclude that the federal takings provision has been interpreted more broadly than the generally equivalent state provisions and that the evidence to be permitted, or not excluded, must be broader to allow the plaintiffs to present and the defendants to defend a *Penn Central* type federal takings claim.

2

<u>DEFENDANT'S FIRST, THIRD AND FOURTH MOTIONS IN LIMINE</u> - These motions seek to prevent these plaintiffs from re-litigating issues surrounding the denial of a sand dune permit, the scope of restrictive deed covenants, and the denial of variances by the City of Biddeford. These motions will be granted generally but documents or other evidence from those other proceedings will be admitted if relevant to the takings issues.

<u>DEFENDANT'S SECOND MOTION IN LIMINE</u> - The State has requested that the question of liability be decided by the presiding justice and that the role of the jury be limited to determining damages if liability is established. The case has been on the jury track since 1995 and only recently has the state objected to a jury trial. I agree with the State that if there is no right to trial by jury on the liability issues the plaintiffs should not get a jury trial simply because the State was slow in objecting.

I have read *Del Monte Dunes* which, while it is not directly applicable since it was a Seventh Amendment case dealing with the right to a jury trial in cases brought in a federal trial court under 42 U.S.C. §1983, was very helpful. After reviewing the many cases of the last decade involving the right to a jury trial under the Maine Constitution in civil cases I believe that a jury trial is available as a matter of right under the Maine Constitution. Therefore the defendant's request to remove the liability issue from the jury is denied. Since inverse condemnation cases did not exist when Maine became a state and since eminent domain cases are not the "pre-1820 analogue" a right to a jury trial exists under the Maine Constitution. *City of Portland v. DePaolo*, 531 A.2d 669, 671 (Me. 1987).

The entries are:

Plaintiffs' motion for view of plaintiffs' property is granted.

Plaintiffs' first motion *in limine* is dismissed in part as moot and granted in part as it relates to the decision of Justice Calkins. The exact evidence to be admitted will be deferred to trial but the framework ordered by Justice Calkins and allowed under *Penn Central* will be followed.

Defendant's first, third and fourth motions *in limine* are granted subject to the limitations that evidence relevant to a takings claim will be considered for admission.

Defendant's second motion *in limine* is denied.

Plaintiffs' renewed motion to use deposition of Robert Cyr at trial is deferred as the motion is likely to be dismissed as moot.

Dated:     May 1, 2000

Paul A. Fritzsche
Justice, Superior Court

PLAINTIFFS:
Christopher Branson, Esq.
MURRAY PLUMB & MURRAY
PO BOX 9785
PORTLAND ME   04104-5085

Lewis Seiler, Esq.
2056 EASTERN Ave.
CINCINNATI OHIO  45202

DEFENDANTS-CITY OF BIDDEFORD
Harry B. Center, II, Esq.
SMITH ELLIOTT SMITH & GARMEY
PO BOX 1179
SACO ME   04072

DEFENDANT-STATE OF MANIE-BEP
Dennis Harnish, AAG
6 STATE HOUSE STATION
AUGUSTA ME   04333-0006

4