STATE OF MAINE
KENNEBEC, ss

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-13-30
*MMM-KEN-3/13/2014*

THE INHABITANTS OF THE
TOWN OF MOUNT VERNON THROUGH
ITS BOARD OF SELECTMEN,
    Petitioners,

v.

**ORDER ON RULE 80B APPEAL**

THE TOWN OF MT. VERNON
PLANNING BD. OF APPEALS,
    Respondent,

and

JAMES LANDHERR and VALERIE CENTER,
    Parties-in-Interest.

Before the Court is a Rule 80B Petition filed by the Inhabitants of the Town of Mount

Vernon (the "Board of Selectmen") seeking review of the June 6, 2013 decision of the Town of

Mount Vernon Planning Board of Appeals (the "Board of Appeals") approving an application for

variance filed by James Landherr and Valerie Center ("Landherr and Center").[1] The main issue

on this appeal is whether the Board of Appeals had substantial evidence of "undue hardship"

required for approval of a variance in a shore land zone pursuant to Article IX of the Land Use

Ordinance of the Town of Mount Vernon and 30-A M.R.S. § 4353(4).

---

[1] The original Petition also challenged the approval of an application for variance filed by J. Lorraine
Putnam, however, since the filing of the Board of Selectmen's brief on appeal, Ms. Putnam, through
counsel, acknowledged that the variance granted to her was not allowed under the Maine State law or the
Town of Mt. Vernon's Ordinance. She, therefore, signed a consent agreement with the Town requiring
her to bring her property into compliance with the Town's ordinance and with the State law by January 1,
2014. Consequently, on October 30, 2013, a judgment has been issued in favor of the Board of Selectmen
on its appeal concerning Ms. Putnam.

1

## FACTUAL AND PROCEDURAL BACKGROUND

Landherr and Center are co-owners of a lot located in the Village of Mount Vernon, next to the General Store. (Br. of Pet. 2.) The lot is fully developed with a two-story brick house, which was built during the 19th century. (Br. of Pet. 2.) On or about April 17, 2013, James Landherr filed a request for a building permit with the CEO for the Town of Mount Vernon. (R. Ex. 8.) The purpose of the building permit was "to have a garden in the area from 25' to 75' from the lake." (R. Ex. 8.) By letter dated April 24, 2013, the CEO of the Town of Mount Vernon denied the permit because it would have involved the removal of vegetation less than three feet tall in violation of the Town ordinance[2] as well as the State and Town 100-foot setback requirement for lands abutting Great Ponds.[3] (R. Ex. 9.) Landherr and Center filed an application for variance, which was received by the Town office on May 13, 2013. (R. Ex. 10.) The application indicated that "practical difficulty dimensional variance" was the reason for their application. (R. Ex. 10.) The "undue hardship" portion of the form was left blank. (R. Ex. 10.) The variance request was heard and granted by the Board of Appeals on June 6, 2013, with a written decision signed by the chairman of the Board of Appeals on June 11, 2013. (R. Ex. 11.) The Board of Appeals determined (5-1) that "the hardship is not the result of action taken by the

---

[2] Section 5-C-18(b)(iii) of the Town of Mount Vernon Land Use Ordinance provides as follows: "In order to protect water quality and wildlife habitat adjacent to great ponds, and streams and rivers which flow to great ponds, existing vegetation under three (3) feet in height and other ground cover, including leaf litter and forest duff layer, shall not be cut, covered, or removed, except to provide for a footpath."

[3] Article IX of the Land Use Ordinance of the Town of Mt. Vernon, in relevant part, provides as follows:

All new principal and accessory structures shall be set back at least one hundred (100) feet horizontal distance from the normal high-water line of great ponds and rivers, and seventy-five (75) feet horizontal distance from the normal high-water line of streams, tributary streams, or the upland edge of a wetland in the Shoreland Zone.

2

applicant or a prior owner" and (4-2) that "the property cannot yield a reasonable return unless a variance is granted." (R. Ex. 11.) Because Article IX of the Land Use Ordinance of the Town of Mount Vernon and 30-A M.R.S. § 4353(4) require that a variance be granted only upon a finding of undue hardship, instead of evaluating Landherr and Center's application as a "practical difficulty dimensional variance," the Board of Appeals evaluated it as an "undue hardship variance."

On June 17, 2013, the Board of Selectmen met, voted and requested that the Board of Appeals reconsider its vote on Landherr and Center's application for variance. (R. Ex. 15.) Sometime prior to July 16, 2013, but less than 20 days prior to the public hearing held on the Board of Selectmen's request for reconsideration, the Town of Mount Vernon transmitted a copy of the application for variance to the Department of Environmental Protection (the "DEP"). (Am. Pet. ¶ 17.)[4] On July 16, 2013, the DEP issued a letter with written comments to the Board of Appeals concluding that the variance requested by Landherr and Center should not be granted because their lot is located in the shore land area as described in 38 M.R.S. § 435 and because there was no evidence of undue hardship. (R. Ex. 12.)

The Board of Appeals reconvened on July 17, 2013 and denied the request for reconsideration. (R. Ex. 16.) On July 22, 2013, the Board of Selectmen filed their 80B Petition. An amended petition, dated July 29, 2013, was subsequently filed with the Court pursuant to M.R. Civ. P. 15(a). On August 2, 2013, the Chairman of the Board of Appeals issued a memorandum containing an amended version of the written decision on the Landherr and Center's application for variance, which, in actuality, varied very slightly from the June 11, 2013 decision. (R. Ex. 13.)

---

[4] Although Petitioners' filings are entitled "Complaint for Review of Governmental Agency Action pursuant to M.R. Civ. P. 80B" and "Amended Complaint for Review of Governmental Agency Action pursuant to M.R. Civ. P. 80B," they are referred hereto as "Petition" and "Amended Petition."

3

## STANDARD OF REVIEW

"The standard of review for the variance decision permits relief only if we find an abuse of discretion, an error of law, or findings not supported by substantial evidence on the record." *Grand Beach Ass'n, Inc. v. Town of Old Orchard Beach*, 516 A.2d 551, 554 (Me. 1986) (citing *Driscoll v. Gheewalla*, 441 A.2d 1023 (Me.1982)). The Superior Court is not entitled to substitute its judgment for that of the Board of Appeals. *Id.* The Court "must only review the record to determine whether there is evidence to support the Board's conclusion." *Id.* The Court as discussed below that the Board incorrectly applied relevant legal standards and improperly granted the variance to Lanherr and Center.

## DISCUSSION

### *Is the appeal timely?*

Landherr and Center argue that the 80B Petition filed by the Board of Selectmen on July 22, 2013 is untimely because the deadline to appeal the decision by the Board of Appeals to grant the variance lapsed on July 21, 2013.

Pursuant to Article IX, section G of the Land Use Ordinance of the Town of Mount Vernon, "[a]ny aggrieved party who participated as a party during the proceedings before the Board of Appeals may take an appeal to Superior Court in accordance with State laws within *forty-five days* from the *date of any decision of the Board of Appeals.*" (R. Ex. 17.) (emphasis added). *See also* 30-A M.R.S. § 2691(3)(G) ("Any party may take an appeal, within 45 days of the date of the vote on the original decision, to Superior Court from any order, relief or denial in accordance with the Maine Rules of Civil Procedure, Rule 80B.")

4

The variance request at issue was heard and granted by the Board of Appeals on June 6, 2013, with a written decision signed by the chairman of the Board of Appeals on June 11, 2013. (R. Ex. 11.) This timeline sets the deadline for filing an appeal for July 21, 2013, or 45 days from the date on which the members voted to approve the application. (R. Ex. 11.) *See also Beckford v. Town of Clifton*, No. BCDAP2012010, 2012 WL 10420152 (Me. B.C.D. Sept. 5, 2012) (interpreting "the vote on the original decision," as used in 30-A M.R.S. § 2691(3)(G), to mean the date of final vote, rather than the date of written notification of the vote).

The filing of the 80B Petition is nevertheless timely because July 21, 2013 was a Sunday, thus, the deadline is extended to the following Monday, July 22, 2013. *See, e.g., Dobson v. Dep't of Sec'y of State*, 2008 ME 137, 955 A.2d 266 (extending the deadline to following Monday because the statutory deadline for filing the nomination petitions fell on a Sunday).

### *Was there sufficient evidence to support the Board's decision to grant a variance to Landherr and Center?*

Petitioners argue that the circumstances of this case do not justify a grant of an "undue hardship" variance and for that reason approval of Lanherr and Center's application for a variance was improper.

The statutory basis for granting a variance is set forth in Article IX of the Land Use Ordinance of the Town of Mount Vernon and 30-A M.R.S. § 4353(4). Article IX of the Land Use Ordinance of the Town of Mount Vernon, in relevant part, provides as follows:

B.  Variances shall be granted only upon:
1. A showing of good and sufficient cause; and,
2. A determination that should a flood comparable to the base flood occur, the granting of a variance will not result in increased flood heights, additional threats to public safety, public expense, or create nuisances, cause fraud or victimization of the public or conflict with existing local laws or ordinances; and,
3. A showing that the issuance of the variance will not conflict with other state, federal or local laws or ordinances; and,

5

4. A determination that failure to grant the variance would result in "undue hardship," which in this sub-section means:
   a. that the land in question cannot yield a reasonable return unless a variance is granted; and,
   b. that the need for a variance is due to the unique circumstances of the property and not to the general conditions in the neighborhood; and,
   c. that the granting of a variance will not alter the essential character of the locality; and,
   d. that the hardship is not the result of action taken by the applicant or a prior owner.

And 30-A M.R.S. § 4353(4), in turn, provides as follows:

**4. Variance.** Except as provided in subsections 4-A, 4-B and 4-C and section 4353-A, the board may grant a variance only when strict application of the ordinance to the petitioner and the petitioner's property would cause undue hardship. The term "undue hardship" as used in this subsection means:
   **A.** The land in question can not yield a reasonable return unless a variance is granted;
   **B.** The need for a variance is due to the unique circumstances of the property and not to the general conditions in the neighborhood;
   **C.** The granting of a variance will not alter the essential character of the locality; and
   **D.** The hardship is not the result of action taken by the applicant or a prior owner.

In sum, both the town ordinance and 30-A M.R.S. § 4353(4), require that the applicant for variance on shore land properties establish "undue hardship" for a variance to be granted. "Undue hardship exists where strict application of the zoning ordinance would result in the practical loss of *all* beneficial use of the land." *Anderson v. Swanson*, 534 A.2d 1286, 1289 (Me. 1987) (emphasis added) (quoting *Thornton v. Lothridge*, 447 A.2d 473, 475 (Me.1982)). It is well established that 30 M.R.S.A. § 4963(3)(A) "does not serve to ensure a maximum return on land." *Id.* (quoting *Grand Beach Ass'n v. Old Orchard Beach*, 516 A.2d 551, 554 (Me.1986)). In *Barnard v. Zoning Board of Appeals of Town of Yarmouth*, the Law Court found that although the denial of a variance would prohibit the property owner from increasing the value of their property by being able to construct a second dwelling unit, the "appellant need not be accorded every conceivable opportunity to maximize her return, or potential return, in derogation of a duly

6

enacted and legitimate zoning ordinance." 313 A.2d 741, 749 (Me. 1974). In other words, "reasonable return" does not equal maximum return. *See also Wyer v. Bd. of Envtl. Prot.*, 2000 ME 45, ¶ 1, 747 A.2d 192 (holding that denial of the variance, which did not render the property substantially useless and stripped it of all practical value, is not a taking); *Leadbetter v. Ferris*, 485 A.2d 225, 228 (Me. 1984) (holding that in some circumstances, even the absolute inability to develop a lot because of zoning setbacks does not by itself deprive the property owner of "the practical loss of substantial beneficial use of the land").

Here, in support of their claim of "undue hardship," Landherr and Center purport that "in purchasing th[e] property it was [their] hope to move to Mount Vernon and fully enjoy use of [the] property as [their] neighbors do," that had they "known gardening was not allowed," they would "absolutely not have purchased the property and would have sought a place in another town nearby," that "without this variance or a similar change in the ordinance that would allow [them] to landscape the property, the substantial value of this property is radically less to [them]."

But the claim that the value of the property to them would be "radically less" if they are not allowed to have a garden in the area 25-75 feet from the lake is not enough for Landherr and Center to establish "undue hardship." The lot owned by them is fully developed: it has a house on it, which means that it has substantial, beneficial use, even without the requested variance. The only difference between granting and denying the variance is whether or not the property owners would be allowed to dig up the sod and plant a vegetable garden in their back yard within 100 feet setback from Lake Minnehonk. Thus, the denial of the variance would not prevent the use of the lot for residential purposes, which means that the property would continue yielding a reasonable return even without the variance. Because Respondents have not demonstrated a loss

7

of all or even substantial beneficial use of their property as required by Article IX of the Land Use Ordinance of the Town of Mount Vernon and 30-A M.R.S. § 4353(4), the Board of Appeals erroneously granted the variance.

The entry will be:

The decision of the Board of Appeals dated June 6, 2013 is **REVERSED**.

3/13/14

**DATE**

**SUPERIOR COURT JUSTICE**

8

         Docket No. AP-13-30          F
                                     County

Action:  Petition for Review                    **J. Murphy**          ~~J. Nivison~~
         80B

                                                J. Lorraine Putnam (PII)
                                                James Landherr  (PII)
                                                Valerie Center  (PII)

The Inhabitants of the Town                     Town of Mount Vernon
of Mount Vernon                    vs.          Planning Board of Appeals

---

Plaintiff's Attorney                            Defendant's Attorney

David Sanders, Esq.                             Noreen A. Patient, Esq.  (PII Putnam)
PO Box 271                                      PO Box 9
Livermore Falls, Maine  04254                   Brunswick, ME 04011

                                                James Landherr, Pro Se  (PII)
                                                Valerie Center, Pro Se  (PII)
                                                PO Box 326
                                                Mount Vernon, ME  04352

                                                Town of Mount Vernon
                                                Planning Board of Appeals
                                                1997 North Road
                                                Mount Vernon, ME  04352

Date of Entry

---

| 7/22/13 | Complaint for Review of Governmental Agency Action, filed. s/Sanders, Esq. |
|---------|---------|
| 8/1/13  | Amended Complaint, filed (7/31/13). s/Sanders, Esq. |
| 8/21/13 | Summons, Return of Service to J.Lorraine Putnam (PII), 8/8/13, filed on 8/21/13. |
| 8/21/13 | Summons, Return of Service to James Landherr (PII) on 8/8/13, filed on 8/21/13. |
| 8/21/13 | Summons, Return of Service to Valerie Center (PII) on 8/8/13, filed on 8/21/13. |
| 8/29/13 | Entry of Appearance for J. Loraine Putnam, filed (8/28/13). s/Patient, Esq. |
| 8/30/13 | Letter clarifying errors in the lawsuit and DVD of 6/17/13 proceedings, filed 8/28/13. Initialed by James Landherr, Pro Se |
| 8/30/13 | Motion to Increase the Time Limits for Plaintiff's Brief and the Record to be Filed with the Court, filed. s/Sanders, Esq. |
| 9/6/13  | Motion For Stay, filed 9/5/13. s/Sanders, Esq. |
| 9/6/13  | Letter indicating errors in the document, filed 9/5/13. s/Valerie Center, Pro Se |

| 9/20/13 | ORDER, Murphy, J. (9/19/13)<br>Upon Plaintiff's motion to increase the time limits for Plaintiff's brief and the Record to be filed with the court, the court GRANTS the 21-day extension.<br>Copy to Atty Sanders, Atty Patient, James Landherr, Valerie Center |
|---|---|
| 9/24/13 | Certified Record, filed (9/23/13). s/Sanders, Esq. |
| 9/24/13 | Notice and Briefing Schedule issued. Copy to Atty Sanders, Atty Patient, James Landherr, & Valerie Center. |
| 9/24/13 | Brief of Petitioner, filed (9/23/13). s/Sanders, Esq. |
| 10/9/13 | Letter from Russell Evans addressing factual errors in the Amended Complaint. s/Russell Evans. |
| 10/29/13 | ORDER, Murphy, J. (10/28/13)<br>Upon the plaintiff's motion for stay, there being no objection, this court grants the stay of the variance granted by the Town of Mount Vernon Planning Board of Appeals to J. Lorraine Putnam on June 6, 2013, pending the final decision on appeal.<br>Copy to Attys Sanders and Patient, Parties-In-Interest. |
| 10/30/13 | Party-In-Interest J. Lorraine Putnam's Motion for Enlargement of Time to File Brief, filed 10/23/13. s/Patient, Esq. |
| 10/30/13 | Stipulated Judgment, filed 10/28/13. s/Sanders, Esq. s/Patient, Esq. |
| 10/30/13 | STIPULATED JUDGMENT, Murphy, J.<br>The Court enters a judgment in favor of The Inhabitants of the Town of Mount Vernon and against J. Lorraine Putnam.<br>Judgment incorporated by reference.<br>Copy to Attys Sanders and Patient, Parties-In-Interest. |
| 11/5/13 | Brief of the Parties In Interest, filed 10/31/13. s/Landherr, Pro Se   s/Carter, Pro Se |
| 11/12/13 | Plaintiff's Reply Brief, filed 11/8/13. s/Sanders, Esq. |
| 11/19/13 | ORDER, Murphy, J. (11/18/13) (PII Putnam's Motion for Enlargement to File Brief)<br>MOOT. Party-In-Interest and Plaintiffs have stipulated to judgment. |
| 11/22/13 | Oral argument scheduled 1/3/14 at 1:00.<br>Notice of Hearing sent to Atty Sanders, James Landherr, Valerie Center, and Town of Mount Vernon Planning Board of Appeals. |
| 12/10/13 | Plaintiff's Motion to continue, filed 12/2/13. s/Sanders, Esq. |
| 12/23/13 | ORDER, Murphy, J. (12/20/13)<br>Plaintiff's motion to continue oral arguments scheduled for 1/3/14 is granted, over objection.<br>Notice of Hearing sent to Atty Sanders, James Landherr, Valerie Center, and Town of Mount Vernon Planning Board of Appeals. |

12/23/13     Oral argument scheduled 2/6/14 at 9:00.
             Notice of Hearing sent to Atty Sanders, James Landherr, Valerie Center, and Town of
             Mount Vernon Planning Board of Appeals.

2/6/14       Oral argument held, J. Murphy presiding.
             David Sanders, Esq.; James Landherr, Pro Se; Valerie Center, Pro Se.
             Tape 1821, Index 170-1113
             Under advisement.

3/14/14      ORDER ON RULE 80B APPEAL, Murphy, J.  (3/13/14)
             The decision of the Board of Appeals dated June 6, 2013 is REVERSED.
             Copy to Atty Sanders, James Landherr, Valerie Center, and town of Mount Vernon
             Planning Board of Appeals.
             Copy to Repositories.